365 So.2d 468 (1978)
STATE of Louisiana ex rel. Edward James ARMISTEAD, Jr.
v.
C. Paul PHELPS, Secretary Dept. of Corrections and Frank Blackburn, Warden, Louisiana State Penitentiary.
No. 62712.
Supreme Court of Louisiana.
October 10, 1978.
PER CURIAM.
The petitioner applies to this court for supervisory writs to review the district court's denial, without a hearing, of his habeas corpus application. By his habeas corpus application, the petitioner sought review of a determination by a prison Disciplinary Board that he was guilty of attempted theft by forging his inmate store card so as to show a balance ten dollars greater in his favor than was the case.
Apparently without reviewing the tapes of the prison board hearing, the district court concluded that minimum due process requirements had been met by the disciplinary proceedings of the Department of Corrections. These had resulted in the applicant's disciplinary sentence of five days isolation and loss of ten days good time.
The writ is granted, primarily in order to clarify the appropriate procedure of judicial review of such applications, but also because the petitioner's contentions were not reviewed on their merits, as contemplated by statute.
The administrative proceeding was held under the Louisiana Department of Corrections' "Adult Rules, Regulations and Disciplinary Procedures" (January, 1977). Promulgated pursuant to La.R.S. 15:829 (1968), these rules provide for notice of charges to be heard before a prison disciplinary board, the right to present evidence and to confront and cross-examine his accusers, the *469 right to remain silent, the right to counsel or counsel substitute, and the right to a summary of the evidence and the reasons for judgment. They also provide for a right to appeal to the Secretary of the Department of Corrections; his review is of the record of the disciplinary board proceedings, which are tape-recorded in their entirety.
Under these circumstances, the applicant has mistaken his remedy as being by writ of habeas corpus to the district court, with direct review of the district court's finding being by supervisory writs to this court.
The Louisiana Administrative Procedure Act, La.R.S. 49:951 et seq. (1976), provides for its application to all state agencies (boards, commissions, or departments), Section 951(2), except the Board of Tax Appeals, the Department of Revenue, and the Department of Employment Security, Section 967. It also provides for judicial review of any final decision or order in an agency adjudication proceeding, Section 964, as well as for appeal to the court of appeal of any final judgment in the district court, Section 965.
Under its terms, this act is applicable to the present proceeding. Since this is the first time that this court has designated this as the correct procedure for judicial review in cases such as this, however, we have decided to review the petitioner's application on its merits. For this purpose, we have had transmitted to this court the tapes and the record of the disciplinary proceedings before the board and on the department appeal.
The standard of judicial review is set forth by Section 964 G. We have set forth Section 964 in full in an appendix to this opinion.
The disciplinary hearings before the board were conducted in accordance with law and the lawful procedures promulgated by the Department of Corrections. Insofar as the applicant attacks the factual findings, we find no cause for judicial modification, applying the statutory standard that agency determinations within the agency's statutory authority should not be disturbed unless "arbitrary or capricious or characterized by abuse of discretions or clearly unwarranted exercise of discretion," La.R.S. 49:964 G(5) or "manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record," having due regard to credibility evaluations of the trier of fact with first-hand observation of the witnesses' demeanor, La.R.S. 49:964 G(6). See also Sanchez v. Hunt, 329 So.2d 691 (La.1976).[1]
Although we have reviewed the present application on its merits, we will henceforth require compliance with the statutory procedures which we now find to be applicable to review of these agency determinations. As guidance to review of future applications, we note the procedures contemplated by the Administrative Procedure Act, La. R.S. 49:951 et seq., especially Section 964, are as follows:
After an adverse ruling by the prison Disciplinary Board, the inmate should exhaust his administrative remedies by appealing to the Secretary of Corrections pursuant to procedures established by the Department of Corrections. If the Secretary of Corrections affirms the decisions of the prison Disciplinary Board, the inmate may petition the district court for review of the decision pursuant to the provisions of La. R.S. 49:964, which requires him to appeal within thirty days after mailing of agency decision. (If the written decision is delivered to him instead of mailed, the thirtyday delay commences on the day after such delivery.)
The district court will review the agency determination upon the administrative record, as provided by R.S. 49:964 F. Judicial review of the agency determination should adhere to the standard of review set out in La.R.S. 49:964 G, quoted in full in the appendix.
*470 The district court's review of the agency adjudication is reviewable by appeal to the court of appeal, within the delay provided for other civil appeals, La.R.S. 49:965.
WRIT GRANTED; DISMISSAL OF ACTION FOR JUDICIAL REVIEW AFFIRMED.

APPENDIX
La.R.S. 49:964 provides in full:
A. A person who is aggrieved by a final decision or order in an adjudication proceeding is entitled to judicial review under this Chapter whether or not he has applied to the agency for rehearing, without limiting, however, utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by law. A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy and would inflict irreparable injury.
B. Proceedings for review may be instituted by filing a petition in the district court of the parish in which the agency is located within thirty days after mailing of notice of the final decision by the agency or, if a rehearing is requested, within thirty days after the decision thereon. Copies of the petition shall be served upon the agency and all parties of record.
C. The filing of the petition does not itself stay enforcement of the agency decision. The agency may grant, or the reviewing court may order, a stay upon appropriate terms.
D. Within thirty days after the service of the petition, or within further time allowed by the court, the agency shall transmit to the reviewing court the original or a certified copy of the entire record of the proceeding under review. By stipulation of all parties to the review proceedings, the record may be shortened. A party unreasonably refusing to stipulate to limit the record may be taxed by the court for the additional costs. The court may require or permit subsequent corrections or additions to the record.
E. If, before the date set for hearing, application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court. The agency may modify its findings and decision by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decisions with the reviewing court.
F. The review shall be conducted by the court without a jury and shall be confined to the record. In cases of alleged irregularities in procedure before the agency, not shown in the record, proof thereon may be taken in the court. The court, upon request, shall hear oral argument and receive written briefs.
G. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. In the application of the rule, where the agency has the opportunity to judge of the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.
NOTES
[1] In Sanchez, we likewise reviewed the agency determination upon its merits, although review was sought by habeas application.