EDWARDS, Judge.
Thomas Davis, an inmate at the State Penitentiary at Angola, appeals from a judgment of the district court which dismissed his suit against the defendants, Willie Hudson, an employee at Angola; John Whitley, the Warden at Angola; and C. Paul Phelps, the Director of the Department of Corrections.
Davis filed this suit seeking judicial review of a disciplinary report, monetary damages and any other equitable relief. The basis for the suit is Davis’ contention that he was damaged as a result of a disciplinary report issued by defendant Hudson on September 8, 1977, whereby he lost 25 days good time. Plaintiff alleges that this report was unfounded and arbitrary, and that it was based on his refusal to do work ordered by Hudson, although Hudson was aware that the work was physically harmful and detrimental to Davis’ health.
The defendants filed a peremptory exception, erroneously labeled as an exception of no right of action, contending that Davis was precluded from bringing this suit because he had not exhausted all his administrative remedies for review of the disciplinary report in accordance with LSA-R.S. 49:951, et seq. and as mandated by State ex rel. Armistead v. Phelps, 365 So.2d 468 (La. 1978).
The trial judge, without giving reasons for judgment, maintained the defendants’ exception and dismissed plaintiff’s suit.
Plaintiff acknowledged in his brief on appeal that he had not complied with the Department of Correction’s Adult Rules, Regulations and Disciplinary Procedures regarding appeals to the Secretary, the procedure envisioned by LSA-R.S. 49:951, et seq., as required by Armistead, supra.
Accordingly, we believe that the trial court was correct in dismissing this suit.
For the above reasons, the judgment appealed is affirmed at plaintiff’s costs.
AFFIRMED.