380 So.2d 164 (1979)
Oliver MARTIN, Jr.
v.
C. Paul PHELPS et al.
No. 12954.
Court of Appeal of Louisiana, First Circuit.
December 27, 1979.
*165 Oliver Martin, Jr., in pro. per.
Marvin H. Bruce, Louisiana Dept. of Justice, Baton Rouge, of counsel, for defendants-appellees C. Paul Phelps, et al.
Before COVINGTON, LOTTINGER and COLE, JJ.
LOTTINGER, Judge.
This is a suit by Oliver Martin, an inmate at Louisiana State Penitentiary at Angola, challenging the constitutionality of the prison's system of furnishing legal assistance to inmates. Martin appeals from an adverse judgment by the trial court.
The facts are not in dispute. Plaintiff is housed at Camp D, one of the new outcamps at Angola located a few miles from the main prison complex. For security and other reasons, Camp D inmates are not allowed direct access to the prison law library which is located in the main prison. Instead, these prisoners are given the option of either requesting 3 books at a time for a one week period or having a counsel substitute assigned to their camp handle the research and writing on their particular legal problems.
Plaintiff claims that the Angola system denying him direct access to the library violates his constitutional right to meaningful access to the courts. He also contends that he is being denied equal protection of the law because inmates of his classification status who are housed at the main prison are allowed to use the law library at designated times. Finally, he asserts that the counsel substitutesinmates who show a certain proclivity towards the laware insufficiently trained and educated to meet the legal needs of the outcamp inmates, thereby violating the prisoners' right to meaningful access to the courts.
One of the rights encompassed within the due process clause of the Fourteenth Amendment is the right of meaningful access to the courts by prisoners. Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). We must decide whether Angola's system of legal aid passes constitutional muster.
In Bounds, the United States Supreme Court held that prison officials must provide inmates with adequate law libraries or adequate assistance from persons trained in the law to satisfy the constitutional right of access. 97 S.Ct. at 1498. The court, however, carefully avoided cementing any standard into law. It opted instead to give state prison authorities leeway to experiment with alternative methods of providing legal aid to inmates. In encouraging "local experimentation" (id. at 1500), the court did not foreclose a system which uses a group of learned inmates to help other inmates with their legal problems. Meaningful access being the touchstone, the court indicated that any system which provides reasonable means for prisoners to have their legal gripes adequately aired would withstand a constitutional challenge.
In light of Bounds and other federal decisions concerning prisoners' right of access, see, especially, Stevenson v. Reed, 391 F.Supp. 1375 (N.D.Miss.1975), affm. per curiam 530 F.2d 1207 (5th Cir. 1976), cert. den. 429 U.S. 944, 97 S.Ct. 365, 50 L.Ed.2d 315 (1976), we hold that plaintiff has been provided with adequate alternatives so as to foreclose any right he might otherwise have had to direct access to the prison's law library. If plaintiff wants to do his own research he can have the counsel substitute at his outcamp procure the books he needs from the library. If he feels that he lacks the time or ability to handle his legal problems, he can have the group of "jailhouse lawyers" research and write the case.
Plaintiff has failed to prove his claim that the inmates who conduct legal research lack sufficient training and knowledge to do their jobs adequately. The sparse record in this case bears little evidence regarding this contention, and plaintiff's well written brief belies his claim of inadequate legal resources.
The fact that some prisoners housed at the main complex have direct access to *166 the law library does not necessarily mean that plaintiff is being denied equal protection of the law from a constitutional standpoint. Plaintiff is treated differently, not because of his status, but because of the geographical location of the outcamp in which he is housed. The discrimination is not arbitrary or capricious. It results because of a reasonable administrative interest in security and other prison objectives. We hold, therefore, that plaintiff's equal protection claim lacks merit.
In sum, we believe Angola's administrators have provided an adequate means for all inmates to air their legal gripes in a meaningful manner. Literate and illiterate inmates alike are given a method to get their problems before a legal tribunal in this state.
Therefore, for the above and foregoing reasons the decision of the trial court is affirmed at appellant's costs.
AFFIRMED.