CHIASSON, Judge.
Appellants, Joseph V. Foster, Jr. and' Louis J. Ballard, seek review of the trial court’s judgment dismissing their suit for failure to state a cause of action.
Appellants, who are inmates in the Louisiana State Penitentiary, seek $50,000 each in damages for alleged violations of their constitutional rights. It is their contention that correctional officers have harassed, separated, and attempted to stop all communication between them. They specifically complain of an incident where Mr. Foster was awaiting transfer to new quarters and possibly to the same quarters as Mr. Ballard when correctional officers attempted to convince Mr. Ballard to make a statement to the effect that Mr. Foster would cause him trouble if transferred to his quarters. Mr. Ballard refused to make such a statement and officers allegedly threatened him with disciplinary action and with transfer to undesired quarters. Appellants contend that such treatment is violative of -certain constitutional rights in that it inflicts cruel and unusual punishment. They further assert that their remedy is a civil suit for damages and that the trial judge erred in denying them this remedy.
*144 We find that the trial judge did not err in dismissing appellants’ suit for failure to state a cause of action.
Basically, appellants are contending that it is cruel and unusual punishment to assign them to separate quarters. This contention has no merit since they do not have the right to be assigned to the same quarters. See: Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); Montanye v. Haymes, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976). They, therefore, have no cause of action for damages.
The appropriate remedy for the other allegations set forth in appellants’ petition is an administrative hearing. It would be proper for appellants to petition for judicial review only after the available administrative remedies have been exhausted. State ex rel. Armistead v. Phelps, 365 So.2d 468 (La.1978).
For these reasons the judgment of the trial court is affirmed.
AFFIRMED.