457 So.2d 805 (1984)
Kirksey M. NIX, Jr.
v.
John KING, Ross Maggio, et al.
No. 83 CA 1084.
Court of Appeal of Louisiana, First Circuit.
October 9, 1984.
Kirksey M. Nix, Jr., pro se.
*806 Houston T. Penn, La. Dept. of Justice, Baton Rouge, for defendants-appellees, John King, Ross Maggio, Col. Robert Bryant.
Before WATKINS, CRAIN and ALFORD, JJ.
ALFORD, Judge.
This is an appeal from the granting of a peremptory exception of no cause of action against plaintiff-appellant, Kirksey M. Nix, Jr., and in favor of defendants-appellees, John T. King, Ross Maggio, Jr., Colonel Robert Bryant, Major E. Booker and Captain Billy Travis. Appellant is a prisoner in Angola State Penitentiary. On July 30, 1982, appellant was brought before the Louisiana Department of Corrections Disciplinary Board on the charge of dealing in narcotics and subsequently was found guilty of the charge. Next, appellant appealed the board's finding to the Secretary of the Department of Corrections, Mr. John King. Appellant received notice on November 16, 1982, that the board's finding had been affirmed. On that same day, appellant notified Mr. King by letter of his intention to seek judicial review of the action taken.
Appellant's Petition for Judicial Review was received by the Clerk of Court for the Nineteenth Judicial District Court on December 22, 1982, but not formerly filed until February 25, 1983, due to appellant's failure to perfect his right to proceed in forma pauperis until that date. Appellees responded to the petition with peremptory exceptions of no cause and no right of action. The basis of these exceptions was that appellant had failed to timely file his petition for judicial review under the Administrative Procedure Act, LSA R.S. 49:950, et seq. After a hearing conducted by the Commissioner for the Nineteenth Judicial District Court, the matter was submitted to the trial court which maintained the exceptions. We affirm.
We are of the opinion that appellees were in reality urging a peremptory exception of prescription, and thus, we will consider the issues raised in this appeal from that perspective. The Administrative Procedure Act is applicable to an agency adjudication proceeding of the Louisiana Department of Corrections. State ex rel. Armistead v. Phelps, 365 So.2d 468 (La. 1978). Additionally, for the reviewing court to have jurisdiction in administrative determinations, it is essential that the request for judicial review or appeal be timely filed. West v. La. Dept. of Public Safety, 432 So.2d 273, 275 (La.App. 1st Cir. 1982); Baloney v. DHHR, Office of Family Services, 364 So.2d 203 (La.App. 1st Cir.1978).
The time delay for filing a petition for judicial review of an agency determination under the Administrative Procedure Act is found in Section 964 which provides in part,
B. Proceedings for review may be instituted by filing a petition in the district court of the parish in which the agency is located within thirty days after mailing of notice of the final decision by the agency, or if rehearing is requested, within thirty days after the decision thereon. Copies of the petition shall be served upon the agency and all parties of record.
Appellant admits that he received the notice of the agency's final determination on November 16, 1982. The Commissioner found that the notice would have had to be mailed on or before November 15, 1982, to have reached appellant on November 16, 1982. Therefore, the Commissioner determined that appellant's petition would have had to be filed on or before December 14, 1982, to have been timely. In his brief, appellant maintains that the notice was hand delivered on November 16, 1982. Assuming this to be true, the thirty day delay would have begun on November 17, 1982, and would have expired on December 16, 1982. See State ex rel. Armistead v. Phelps, supra at 469.
Appellant maintains that he placed his petition for judicial review in the prisoner's mail box on December 15, 1982. The Commissioner noted in his report that the envelope which contained the petition was *807 postmarked December 17, 1982. Regardless of when the petition was mailed, the fact remains that it was not received by the clerk's office until December 22, 1982, and not filed until February 25, 1983. Therefore, even if we assume that appellant's delay expired on December 16, 1982, it is apparent that his petition was not even received by the clerk's office within the delay allowed.
Appellant maintains that due to certain delays faced by prisoners in having access to legal materials, in having prison accounts verified for forma pauperis qualification and in having mail picked up by prison officials rather than the U.S. postal system, the application of LSA R.S. 49:964 denies him equal protection, due process and access to the courts. We disagree.
As noted by this Court in the recent case of Williams v. Lallie Kemp Charity Hosp., 428 So.2d 1000, 1009 (La.App. 1st Cir.1983), writ denied, 434 So.2d 1093 (La. 1983),
The Louisiana and federal constitutions both require equal protection of the laws. U.S. Const.Amend. XIV; La. Const. art. I, § 3. When a claim is made that a law violates these provisions, and the claimant belongs to a class receiving disparate treatment, a determination must be made as to whether the law impinges on a "fundamental right" or operates to the disadvantage of some "suspect class." If the law does either of the above, it will be subject to strict scrutiny and be declared invalid unless it is shown that a "compelling governmental interest" exists; if neither a suspect class nor a fundamental right is involved, the test is whether the discriminatory treatment is supported by any rational basis reasonably related to the governmental interest sought to be advanced by it. Maher v. Roe, 432 U.S. 464, 97 S.Ct. 2376, 53 L.Ed.2d 484 (1977); San Antonio Independent School District v. Rodriguez, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973); Bazley v. Tortorich, 397 So.2d 475 (La.1981); Everette v. Goldman,[1] supra.
We are simply of the opinion that appellant does not belong to a class receiving disparate treatment under the Administrative Procedure Act. Appellant maintains that prisoners as a class have special problems in attaining access to legal materials necessary to draft petitions. This Court, in Martin v. Phelps, 380 So.2d 164 (La.App. 1st Cir.1979), was called upon to determine the constitutional sufficiency of the legal aid system at the very institution appellant is confined to. The legal aid system at Angola was found to provide adequate alternatives, including book check-out procedures and the assistance of counsel substitutes, to those inmates not allowed direct access to the prison law library, so as not to violate inmates' constitutional right to access to the courts.
Appellant next maintains that prisoners as a class receive disparate treatment in that they do not have the same right as free persons to direct access to the U.S. Postal System. Appellant alleges that a prisoner must deposit his mail into a prison mail pick-up which then must be processed before it reaches the federal system. He further maintains that the delay involved in such a system prevented his petition from being received by the clerk's office within the delay provided by Section 964. Appellant has continually maintained that he placed his petition in the prison mail pick-up on December 15, 1982, although there is no other evidence supporting this allegation. Even if we accept appellant's allegation as true, it does not alter the fact that it took the petition six days to reach the clerk's office from when it was postmarked by the U.S. Postal System. Thus, even if appellant were allowed direct access to the U.S. Postal System, by waiting until the next to last day to mail the petition, it would not have been received by the clerk's office within the time period allowed.
Next, appellant alleges that prisoners are required to have their prisoner bank accounts verified by prison officials for the *808 purpose of qualifying to proceed in forma pauperis. It is appellant's contention that no such requirement is imposed on free persons, and thus, prisoners receive disparate treatment. We simply note that appellant did not begin this process until well after the time delay had passed.
In conclusion, we are of the opinion that Section 964 of Title 49 places no greater burden on prisoners than on free persons, either on its face or in its application. We note that in a letter admitted into evidence on the exception of no right of action, appellant candidly admitted to an attorney he was corresponding with that he simply put-off mailing his petition until the very last or next to last day.
As evidenced by the provisions of the Administrative Procedure Act, in particular LSA R.S. 49:964, the legislature has provided both the right and the procedure to preserve judicial review of final administrative agency determinations. The requirements of due process are satisfied by the availability of judicial review. Anderson v. State, 363 So.2d 728 (La.App. 2nd Cir.1978), writ denied, 364 So.2d 600 (La. 1978).
We are of the opinion that appellant was afforded equal protection, due process and access to the courts. The fact that appellant failed to take appropriate steps to perfect his right does not render the Administrative Procedure Act constitutionally infirm. By appearing pro se, appellant assumed the responsibility for his inadequacy and lack of knowledge of procedural and substantive law. Joiner v. Downing, 383 So.2d 93 (La.App. 3rd Cir.1980). This is particularly true in this case in that appellant had assistance available to him had he chosen to use it. See Martin v. Phelps, supra.
Therefore, for the foregoing reasons, the judgment of the trial court dismissing appellant's petition is affirmed. Costs of this appeal are taxed to appellant.
AFFIRMED.
NOTES
[1] Everette v. Goldman, 359 So.2d 1256 (La. 1978).