486 So.2d 188 (1986)
Charles S. BRYANT
v.
J.D. MIDDLEBROOKS, et al.
No. CA 85 0050.
Court of Appeal of Louisiana, First Circuit.
March 25, 1986.
Charles S. Bryant, III, Monroe, pro se.
Joseph Erwin Kopsa, Asst. Atty. Gen., Louisiana Dept. of Justice, Baton Rouge, for defendants-appellees.
Before EDWARDS, LANIER and PONDER,[*] JJ.
LANIER, Judge.
This is an appeal in a prisoner suit which contests the validity of administrative disciplinary action. La.R.S. 49:965.

PROCEDURAL FACTS
The prisoner, Charles S. Bryant, was charged in a disciplinary report with violating Louisiana Department of Corrections (DOC) Rule 21 by committing theft of food at the Louisiana Correctional and Industrial School in DeQuincy, Louisiana, on May 17, 1980. He was brought before the DOC Disciplinary Board on May 23, 1980, pled not guilty and, after a hearing, was found guilty. He was sentenced to ten days of isolation and loss of five days good time.
Bryant timely appealed the Disciplinary Board's rulings to the Secretary of the Louisiana Department of Corrections (Secretary), C. Paul Phelps. On September 24, 1980, the Secretary denied the appeal. Bryant received notice of this action on October 3, 1980.
On September 18, 1981, Bryant filed a pleading purporting to be an application for habeas corpus in the Nineteenth Judicial District Court. Made defendants in the suit were Warden J.D. Middlebrooks and the Secretary. The purpose of this pleading was judicial review of the disciplinary action and restoration of good time credit. The defendants responded with a peremptory exception pleading the objections of no cause of action and no right of action. They contended (1) Bryant had no cause of *189 action because he "failed to make a timely appeal seeking judicial review as provided by the Administrative Procedure Act", and (2) Bryant had no right of action for the same reason. Bryant's various contentions and the exceptions were heard before a commissioner. On October 22, 1984, the commissioner reported to the trial court that (1) the procedures of the Louisiana Administrative Procedure Act (LAPA) were applicable to this case, not those applicable to habeas corpus found in the Code of Criminal Procedure; (2) Bryant's petition to the district court was not filed timely; and (3) because the petition to the district court was not timely filed, the peremptory exception pleading the objections of no cause of action and no right of action should be sustained. Bryant filed a motion to traverse the commissioner's report. La.R.S. 13:713(C). On November 9, 1984, the trial court judge held that Bryant failed to comply with LAPA and rendered judgment sustaining the objections of no right of action and no cause of action of the peremptory exception. This devolutive appeal followed.

APPLICATION OF LAPA

(Specification of Error A)
Bryant contends the trial court committed error in finding that challenging a decision of the Disciplinary Board is not by habeas corpus, but is consistent with the LAPA.
This contention is without merit. State ex rel. Armistead v. Phelps, 365 So.2d 468 (La.1978).

TIMELINESS OF APPLICATION FOR JUDICIAL REVIEW

(Specifications of Error B and D)
Bryant contends that the trial court committed error by sustaining the objections of no cause of action and no right of action of the peremptory exception and, because he is a prisoner, the application of "ultra-technical" time prescriptions of the LAPA to him is a denial of access to the courts, equal protection and due process.
Initially, we note that, although Bryant sought habeas corpus relief and not relief under the LAPA, we can still consider his claim. Pleadings are governed by their substance and not by their caption. La.C. C.P. art. 862; Adams v. New Orleans Blood-Bank, Inc., 343 So.2d 363 (La.App. 4th Cir.1977).
The objection of no right of action asserted in a peremptory exception raises the question of whether a remedy afforded by law can be invoked by the plaintiff and determines if the plaintiff has a right or legal interest in the subject matter of the suit, that is, does the plaintiff belong to the particular class of persons to whom the law grants a remedy for the particular harm alleged? Fulford v. Green, 474 So.2d 972 (La.App. 1st Cir.1985). La.R.S. 49:964(A) provides, in pertinent part, that "[a] person who is aggrieved by a final decision or order in an adjudication proceeding is entitled to judicial review under this Chapter..." Thus, clearly Bryant had a personal right to seek judicial review of his disciplinary action in the district court. The objection of no right of action is not the proper procedural device to assert the timeliness of the application for judicial review.
The objection of no cause of action raised in a peremptory exception tests the legal sufficiency of the petition and all the allegations of the petition are accepted as true; an objection of no cause of action is sustained only where the law affords no remedy to plaintiff under the allegations of his petition. Hubbs v. Canova, 427 So.2d 875 (La.App. 1st Cir.1982). If a petition states a cause of action on any ground or portion of the demand, the objection of no cause of action must be overruled. Rodriguez v. American Bankers Insurance Company of Florida, 386 So.2d 652 (La.1980). Bryant's pleading contends he was unlawfully convicted and punished in a prisoner disciplinary action. This contention pleads a cause of action for which there is a judicial remedy. The objection of no cause of action is not the proper procedural device *190 to assert the timeliness of the application for judicial review.
As previously indicated, to properly rule on a pleading, we must look to its substance, rather than its name. The defendants contend Bryant failed to timely apply for judicial review pursuant to La. R.S. 49:964(B) which provides as follows:
Proceedings for review may be instituted by filing a petition in the district court of the parish in which the agency is located within thirty days after mailing of notice of the final decision by the agency or, if a rehearing is requested, within thirty days after the decision thereon. Copies of the petition shall be served upon the agency and all parties of record.
The decision of the Secretary was rendered on September 24, 1980. Bryant received notice of this decision on October 3, 1980. Bryant sought judicial review by a pleading filed on September 18, 1981. The record does not reflect, and Bryant does not assert, that a rehearing was sought.
Bryant's application for judicial review is untimely whether the period set forth in La.R.S. 49:964(B) is one of liberative prescription (La.C.C. art. 3447) or one of peremption (La.C.C. art. 3458). Compare Nix v. King, 457 So.2d 805 (La.App. 1st Cir. 1984) with Schulin v. Service Painting Company of Louisiana, 479 So.2d 939 (La. App. 1st Cir.1985), writ denied, 481 So.2d 634 (La.1986); Ward v. Blache, 466 So.2d 723 (La.App. 4th Cir.1985), writ denied, 468 So.2d 572 (La.1985) and Talbert v. Scott, 451 So.2d 1304 (La.App. 1st Cir. 1984). See also M. Neufeld, Prescription and PeremptionThe 1982 Revision of the Louisiana Civil Code, 58 Tul.L.Rev. 593 (1983) and J. Shuey, Legal Rights and the Passage of Time, 41 La.L.Rev. 220 (1980). Under either concept, Bryant cannot prevail.[1]
Bryant's claims of denial of access to the court, equal protection and due process were adversely ruled upon by this court in Nix v. King, 457 So.2d at 807-808.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed.[2] Appellant is cast for all costs. La.C.C.P. art. 5188; Fulford, 474 So.2d at 976.
AFFIRMED.
NOTES
[*] Judge Elven E. Ponder, retired, appointed to hear appeals vice Judge John S. Covington, temporarily assigned to the Twenty-Fifth Judicial District Court.
[1] The objection of res judicata is not applicable because no judgment is involved. La.C.C. art. 2286, which has been redesignated La.R.S. 13:4231 by Acts 1984, No. 331; La.C.C. art. 3556(31); La.R.S. 15:433. This court has also held that the timely filing of a request for judicial review of an administrative determination is necessary for a district court to obtain jurisdiction to review the case. Johnson v. Odom, 470 So.2d 988 (La.App. 1st Cir.1985), writ denied, 476 So.2d 355 (La.1985).
[2] Because the untimeliness claim is valid, it is unnecessary to address assignment of error (C) which asserts error on the merits of the disciplinary action.