FOIL, Judge,
concurring.
The issue in this case is whether an aggrieved bidder on a public works project is barred from seeking monetary relief against a public entity alleged to have violated the Public Contracts Law. We hold injunctive relief is not the exclusive remedy through which an aggrieved bidder may seek redress for violations of the Public Contracts Law, and reverse the action of the trial court in dismissing the suit on that basis.
FACTS
Airline Construction Company, Inc. (Airline), plaintiff, filed the instant lawsuit on March 12, 1987, claiming defendant, the Ascension Parish School Board (School Board) violated the Public Contracts Law in awarding a contract to another bidder. The petition set forth the following allegations: The School Board advertised for bids for the construction of the Galvez Primary School and stated in its specifications that any pre-qualified bids would be rejected. On July 15, 1986, the School Board improperly awarded the contract to Picou Brothers Construction Company (Picou), which had pre-qualified its bid. Therefore, Airline claimed, it was entitled to the contract as the lowest responsible bidder under the Public Contracts Law, and demanded the amount of $313,200.00 for lost profits and other emoluments it would have been entitled to had the contract been awarded to it. There is no mention in Airline’s petition of the status of construction on the project at the time the suit was filed.
The School Board filed a peremptory exception of no cause of action. In a memorandum in support of the exception, the School Board argued that plaintiff failed to allege any facts in support of its claim that Picou pre-qualified its bid. The School Board further contended that an aggrieved bidder is barred under the Public Contracts Law from seeking monetary relief, and asserted injunctive relief is the exclusive remedy by which the bidder may seek redress against a public entity charged with violating the law. In a reply memorandum, the School Board argued that Airline failed to timely assert its claim, thus allowing the project to progress to near completion prior to instituting the present suit, and as a result, it may be condemned to pay the contract price twice. The School Board then claimed that even if Airline had a cause of action for damages, it should be estopped from asserting the claim by the application of the doctrine of equitable es-toppel. Airline replied, charging that it was inappropriate to assert the affirmative defense of estoppel in an exception of no cause of action, which would require a full hearing on the merits to determine whether the elements were present under the facts of this case.
The trial court heard oral argument on the exception of no cause of action on November 9, 1987. The parties conceded on that date that the project was complete. The trial court referred to the School Board’s claim that the project was substantially complete when the lawsuit was filed, and apparently ruled that because Airline had no right to injunctive relief at that point in time, it had no remedy against the School Board for the alleged violations of the Public Contracts Law. In so ruling, the court expressed concern that the School Board may have to pay the entire contract price twice, and surmised this was the result the Supreme Court sought to avoid in Bristol Steel and Iron Works, Inc. v. State, Department of Transportation and Development, 507 So.2d 1233 (La.1987). In that case, the Supreme Court ruled that an injunction was improperly issued where construction of a public project was over 90% complete, or “substantially complete.” The Court concluded injunctive relief was not available to an aggrieved bidder who had not shown irreparable injury, and pointed out that a court could not enjoin a “fait accompli.”
Airline took this appeal, contending that the trial court erred in ruling that its sole remedy was injunctive relief, and arguing that the trial court improperly considered evidence outside of its petition in ruling on the exception of no cause of action.
*1245 DISCUSSION
In assessing the propriety of the trial court’s action in granting the exception of no cause of action in this case, we note that the purpose of the exception is to determine the legal sufficiency of the petition. Essentially, the exception questions whether the law affords any remedy to the plaintiff under the allegations of the petition. The exception is triable on the face of the petition and any attached documents, and no evidence may be introduced in support of or to controvert the exception. All well-pleaded facts are accepted as true and any doubts must be resolved in favor of sufficiency of the petition. La.Code Civ.Pro. art. 931; See also Darville v. Texaco, Inc., 447 So.2d 473 (La.1984); Bryant v. Middlebrooks, 486 So.2d 188 (La.App. 1st Cir. 1986); Quality Manufacturing Co., Inc. v. Direct Factory Stores, Inc., 451 So.2d 1335 (La.App. 1st Cir.1984). Airline’s pleading contends the School Board awarded a contract to another bidder in violation of the Public Contracts Law, and claims it should have been awarded the contract as the “lowest responsible bidder.” Airline further contends it is entitled to monetary damages resulting from the wrongful award of the contract. Accepting as true Airline’s claims the School Board violated the Public Contracts Law in awarding the contract to Picou Construction Company, and was obligated under the law to award the contract to Airline, we must decide whether Airline is precluded under Louisiana law from seeking monetary relief for the violation.
The Public Contracts Law requires that certain public work be advertised and let by contract to the “lowest responsible bidder” who bid according to the contract, plans and specifications as advertised. La. R.S. 38:2212(A)(l)(a). The Public Contracts Law further provides that “... any contract entered into for the construction of public works, contrary to the provision of this Part shall be null and void.” La.R.S. 38:2220(A). The statute authorizes “any interested party” who possesses a right of action “to bring suit for appropriate injunc-tive relief in the district court to nullify a contract entered into in violation of this Part.” La.R.S. 38:2220(B). Finally, La. R.S. 38:2220(C) authorizes the imposition of a civil penalty against each of the members of the governing authority of the public entity who authorized the violation in an action brought by the district attorney or attorney general. We find nothing in La. R.S. 38:2220 indicative of an intent on the part of the legislature to bar an aggrieved bidder from seeking monetary damages against a public entity for failing to comply with the Public Contracts Law.
The proposition that an aggrieved bidder may seek damages against a public entity for violations of the Public Contracts Law was expressed by the Louisiana Supreme Court in Haughton Elevator Division v. State, Division of Administration, 367 So.2d 1161 (La.1979). In that ease, the low bidder on a public project, which had been disqualified by a public entity, sued to enjoin the letting of the contract to other bidders. The Court ruled the bidder had been improperly disqualified. In addressing the relief to be afforded, the Court expressed concern over the events which transpired because of the time lapse which occurred between the filing of the initial injunction suit and the Court’s determination that the act had been violated. The Court surmised that even though the bidder’s original petition had only requested an injunction, the petition could be supplemented to claim damages from the awarding authority for wrongfully awarding the contract to another bidder, citing La.Civ. Code arts. 1934 [1] and 2315. Id. at 1169, n. 8.
Recently, this Court cited Haughton Elevator Division for the proposition that an aggrieved bidder may be entitled to monetary damages against a public entity for its failure to comply with the Public Bid Law. In Jensen Construction Company v. Department of Transportation and Development, 542 So.2d 168 (La.App. 1st Cir.1989), *1246 we noted that the jurisprudence reflects the principle that an aggrieved bidder’s right to appropriate relief may be affected by the passage of time rather than extinguished by events subsequent to the filing of the initial suit charging the violation, such as the completion of the challenged project.
We believe these cases recognize that it would be unfair to establish a rule under which aggrieved bidders would in all instances be barred from obtaining monetary damages for violations of the Public Contracts Law. The inequities of such a ruling are particularly telling in situations wherein an aggrieved bidder files an injunction suit prior to or immediately in response to an alleged wrongful award of a contract, but due to the lapse of time before a determination on the merits can be made, the project is near completion. The bidder in reality may no longer enjoin the project. It would be unfair to rule that the bidder in this scenario would not be entitled to some relief, perhaps in the form of monetary damages.
The difficulty in this case lies in the fact that Airline waited a substantial period of time following the award of the contract before instituting the suit, when obviously the construction was well underway. Indeed, the trial court noted that the School Board may be faced with paying the contract price twice. However, the possible inequities in this case occasioned by the delay are more appropriately addressed through means other than an exception of no cause of action. An exception of no cause of action is not the proper procedural vehicle to address the timelessness of Airline’s suit. See Bryant v. Middlebrooks, 486 So.2d at 189.

. For the current codal articles pertaining to damages for breach of contract, see La.Civ.Code arts. 1944, et seq.