637 So.2d 796 (1994)
Thad TATUM
v.
Bruce LYNN, Department of Public Safety.
No. 93 CA 1559.
Court of Appeal of Louisiana, First Circuit.
May 20, 1994.
*797 Thad Tatum, pro se.
Edward A. Songy, Jr., Baton Rouge, for defendant-appellee Bruce Lynn, et al.
Before LOTTINGER, C.J., and CRAIN and LeBLANC, JJ.
CRAIN, Judge.
The issue before us in this pro se prisoner's suit is whether the filing of a petition for judicial review by prisoner Thad Tatum was timely. From an adverse decision of the district court dismissing petitioner's suit as untimely, petitioner appeals.
Tatum, a prisoner at the Louisiana State Penitentiary at Angola filed a grievance with the Department of Public Safety and Corrections (Department) pursuant to the Corrections Administrative Remedy Procedure Act, La.R.S. 15:1171-1177. It is uncontested that Tatum received notice of an adverse decision by the Department on October 1, 1991. Tatum subsequently sought judicial review of the agency decision by placing the petition for judicial review in the hands of prison authorities for forwarding to the district court on October 28, 1991. The petition was deposited in the mail (U.S. Postal System) by the prison authorities and was postmarked October 28, 1991. It was received and filed with the Nineteenth Judicial District Court on November 5, 1991, four days after the thirty day filing requirement of La.R.S. 49:964(B).
Tatum contends that pursuant to Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), the petition for judicial review was filed at the moment of delivery to prison authorities, October 28, 1991, four days before the statutory deadline and was thus timely.
A party aggrieved by an adverse decision by the Department pursuant to La.R.S. 15:1171-1177 may "within thirty days after receipt of the decision, seek judicial review of the decision only in the Nineteenth Judicial District Court.... in the manner provided by R.S. 49:964." La.R.S. 15:1177(A). La. R.S. 49:964(B) of the Administrative Procedure Act provides in part that "[p]roceedings for review may be instituted by filing a petition in the district court.... within thirty days after mailing of notice of the final decision by the agency...."
The Administrative Procedure Act is applicable to administrative proceedings held pursuant to the Corrections Administrative Remedy Procedure Act. Magee v. State, Through Department of Public Safety and Corrections, 555 So.2d 6 (La.App. 1st Cir. 1989), writ denied, 559 So.2d 138 (La.1990). In order for the jurisdiction of the reviewing court to attach, the petition for judicial review of these administrative determinations must be timely filed. See Bryant v. Middlebrooks, 486 So.2d 188 (La.App. 1st Cir.1986).
We have previously addressed the issue of whether the "mailbox rule," i.e. filing by depositing the document in the mail, is a valid method of "filing" under the law of our state. After surveying the jurisprudence and examining the history of the Constitutional Convention of 1973, we rejected the notion that a document is "filed" at the moment it is placed in the mail. Thomas v. Department of Corrections, 430 So.2d 1153 (La.App. 1st Cir.), writs denied, 435 So.2d 432, 438 So.2d 566 (La.1983). However, the filing at issue in Thomas was a Civil Service appeal, not a pro se prisoner suit.
In Nix v. King, 457 So.2d 805 (La.App. 1st Cir.1984), we considered the constitutionality of the filing requirement of La.R.S. 49:964(B) in the context of a pro se prisoner seeking judicial review of an adverse administrative determination by the Department. Under the facts of Nix, petitioner placed his petition for judicial review in the prisoners' mailbox one day before the statutory deadline. The prison authorities delayed mailing of the petition for two days. It arrived at the clerk's office six days later. The court focused on the number of days required for mail delivery to its intended destination (6 days) and determined that the fact that petitioner "failed to take appropriate steps to perfect his right does not render the Administrative *798 Procedure Act constitutionally infirm. By appearing pro se [petitioner] assumed the responsibility for his inadequacy and lack of knowledge of procedural and substantive law." Nix v. King, 457 So.2d at 808.
Tatum's petition was deposited in the prisoner's mail box five days prior to the statutory deadline and was placed in the mail on the same date. It took nine days to arrive at its destination. At first blush it may seem that under Nix v. King Tatum's petition was untimely. However, in Nix v. King we addressed the issue of whether the adoption of the "mailbox rule" is constitutionally required in the context of pro se prisoner suits under the Administrative Procedure Act. We held its adoption was not constitutionally required in such situations. Our holding, however, did not preclude its application.
Subsequent to our decision in Nix v. King, 457 So.2d 805, the U.S. Supreme Court decided the case of Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), a case presenting similar issues to those arising in the case before us. The facts in Houston v. Lack involved a pro se prisoner seeking appellate review of a Federal District Court judgment dismissing his pro se habeas corpus petition. The notice of appeal had been deposited with the prison authorities for mailing to the Federal District Court three days prior to the statutory deadline. It was filed by the clerk of court one day after the expiration of the filing period. Federal Rules of Appellate Procedure 3(a) and 4(a)(1) required filing of the document in the district court within a set thirty day period. The Supreme Court held that the notice of appeal was filed at the moment of delivery to prison authorities for forwarding to the Federal District Court and the district court thus had jurisdiction of the petition. The Court reasoned:
Unlike other litigants, pro se prisoners cannot personally travel to the courthouse to see that the notice is stamped "filed" or to establish the date on which the court received the notice. Other litigants may choose to entrust their appeals to the vagaries of the mail and the clerk's process for stamping incoming papers, but only the pro se prisoner is forced to do so by his situation. And if other litigants do choose to use the mail, they can at least place the notice directly into the hands of the United States Postal Service (or a private express carrier); and they can follow its progress by calling the court to determine whether the notice has been received and stamped, knowing that if the mail goes awry they can personally deliver notice at the last moment or that their monitoring will provide them with evidence to demonstrate either excusable neglect or that the notice was not stamped on the date the court received it. Pro se prisoners cannot take any of these precautions; nor, by definition, do they have lawyers who can take these precautions for them. Worse, the pro se prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay. No matter how far in advance the pro se prisoner delivers his notice to the prison authorities, he can never be sure that it will ultimately get stamped "filed" on time. And if there is a delay the prisoner suspects is attributable to the prison authorities, he is unlikely to have any means of proving it, for his confinement prevents him from monitoring the process sufficiently to distinguish delay on the part of prison authorities from slow mail service or the court clerk's failure to stamp the notice on the date received. Unskilled in law, unaided by counsel, and unable to leave the prison, his control over the processing of his notice necessarily ceases as soon as he hands it over to the only public officials to whom he has accessthe prison authoritiesand the only information he will likely have is the date he delivered the notice to those prison authorities and the date ultimately stamped on his notice.
Houston v. Lack, 487 U.S. at 272-273, 108 S.Ct. at 2382-2383.
The Court stated the "mailbox rule" is generally rejected in most jurisdictions on the grounds that receipt of the document by the court is required. However, even under the general rule receipt of the document by the clerk is sufficient to constitute a filing *799 even though the document has not yet been stamped "filed" by the clerk. The rationale for this is that ordinarily a litigant in a civil case has no control over delays between the receipt by the clerk and the formal filing. The situation of these litigants is similar to the lack of control of pro se prisoners. However, "the lack of control of pro se prisoners over delays extends much further than that of the typical civil litigant: pro se prisoners have no control over delays between the prison authorities' receipt of the notice and its filing, and their lack of freedom bars them from delivering the notice to the court clerk personally." Houston v. Lack, 487 U.S. at 273-274, 108 S.Ct. at 2384 (Citations omitted). The Court further stated that the policy grounds for the general rule, making receipt the moment of filing suggests that delivery of the document to prison authorities should be the moment of filing in the case of pro se prisoners. The Court continued:
`Thus, whereas, the general rule has been justified on the ground that a civil litigant who chooses to mail a notice of appeal assumes the risk of untimely delivery and filing, a pro se prisoner has no choice but to hand his notice over to prison authorities for forwarding to the court clerk. Further, the rejection of the mailbox rule in other contexts has been based in part on concerns that it would increase disputes and uncertainty over when a filing occurred and that it would put all the evidence about the date of filing in the hands of one party. These administrative concerns lead to the opposite conclusion here. The pro se prisoner does not anonymously drop his notice of appeal in a public mailboxhe hands it over to prison authorities who have well-developed procedures for recording the date and time at which they receive papers for mailing and who can readily dispute a prisoner's assertions that he delivered the paper on a different date. Because reference to prison mail logs will generally be a straightforward inquiry, making filing turn on the date the pro se prisoner delivers the notice to prison authorities for mailing is a bright-line rule, not an uncertain one.'
Id. 487 U.S. at 275; 108 S.Ct. at 2384-2385 (Emphasis original) (Citations omitted).
We find the reasoning in Houston v. Lack supra to be persuasive on this issue. The position of Tatum and other pro se prisoners seeking judicial review of adverse administrative decisions by the Department are identical. The only distinction is that Tatum's petition is filed under state law. However, the applicable language of La.R.S. 49:964 is almost identical to that of Federal Rules of Appellate Procedure 3(a) and 4(a)(1) construed by the Supreme Court in Houston v. Lack. Thus we hold that Tatum's petition for judicial review is jurisdictional because it was filed at the time it was delivered to the prison authorities for forwarding to the district court. The judgment of the district court is accordingly reversed and the matter remanded for further proceedings.
REVERSED AND REMANDED.