738 So.2d 1165 (1999)
Mark JOHNSON
v.
DEPARTMENT OF CORRECTIONS.
No. 97 CA 1891.
Court of Appeal of Louisiana, First Circuit.
June 25, 1999.
Mark Johnson, Louisiana State Prison, Angola, Plaintiff/Appellant, pro se.
Edward A. Songy, Jr., Baton Rouge, Counsel for Defendant/Appellee, Department of Public Safety and Corrections.
Before: GONZALES, FITZSIMMONS and KUHN, JJ.
*1166 GONZALES, J.
This appeal arises from the district court's dismissal of a prisoner's petition for judicial review of a decision of the Louisiana Department of Public Safety and Corrections (Department). The prisoner challenges the loss of his telephone and canteen privileges for a period of four weeks based on the Department's determination that he was a threat to safety for operating a business from prison in violation of Department rules.

JUDICIAL REVIEW OF PRISON DISCIPLINARY MATTERS
In his recommendation to the trial court, the Commissioner reviewing this case stated that review of this prison disciplinary action is conducted under La. R.S. 49:964, a provision of the Louisiana Administrative Procedure Act (APA). As support for this determination, the Commissioner relies on State ex rel. Armistead v. Phelps, 365 So.2d 468, 469 (La.1978) (per curiam), wherein the Louisiana Supreme Court indicated the standard of review provided in La. R.S. 49:964 of the APA was applicable to appeals of prison disciplinary actions.[1] This court has followed Armistead in applying the APA to prison disciplinary matters. See Bryant v. Middlebrooks, 486 So.2d 188 (La.App. 1 Cir.1986) and Nix v. King, 457 So.2d 805 (La.App. 1 Cir.1984). However, this court has also reviewed prisoner disciplinary matters under the provisions of the Corrections Administrative Remedy Procedure (CARP), La. R.S. 15:1171 et seq., a statutory scheme whereby the Department and sheriffs at adult and juvenile penal institutions receive, hear, and dispose of all "complaints and grievances" by adult and juvenile offenders against certain defendants. See Rochon v. Whitley, 96-0835 (La.App. 1 Cir. 2/14/97), 691 So.2d 189.[2]
Because judicial review under the APA and CARP is significantly different, a determination must be made regarding which statute provides the proper path of judicial review for prisoner disciplinary matters. For example, under the CARP, any offender who is aggrieved by an "adverse decision" by the Department may file a petition for judicial review in the Nineteenth Judicial District Court (JDC).[3] This statute creates a very broad base of subject matter jurisdiction in the Nineteenth JDC. On the other hand, the only claims reviewable under La. R.S. 49:964(G), the judicial review provisions of the APA, are those which fit the definitions *1167 of "adjudication" and "decision or order" as provided by La. R.S. 49:951(1) and (3). (These terms and judicial interpretation of these terms are discussed in detail later in this opinion.)
Further, the standard of review provided in the CARP differs from the standard of review provided in the APA. Under La. R.S. 15:1177(A)(9)(f) of the CARP, administrative findings are subject to the manifest error standard of review.[4] However, under the current version of La. R.S. 49:964(G)(6) of the APA, the district court may substitute its own factual determinations and conclusions for those of the agency based upon its own evaluation of the record.[5] Therefore, the subject matter jurisdiction of the Nineteenth JDC, as well as the standard of review to be applied by that court, vary greatly depending on whether judicial review is conducted under the APA or the CARP.
By its terms, the CARP applies to "any and all claims seeking monetary, injunctive, declaratory, or any other form of relief authorized by law[,] and by way of illustration[,] includes actions pertaining to conditions of confinement, personal injuries, medical malpractice, time computations, even though urged as a writ of habeas corpus, or challenges to rules, regulations, policies, or statutes." La. R.S. 15:1171(B). However, La. R.S. 15:1171(B) specifically states that "the adult and juvenile offender disciplinary process, promulgated and effective prior to June 30, 1989," is included as part of the exclusive procedures of the CARP. Therefore, agency and judicial review of disciplinary matters was not changed by the enactment of the CARP and is still performed in accordance with the APA, as directed by the Supreme Court in Armistead. We now turn to a discussion of exactly what Department disciplinary action is reviewable under the APA.

JUDICIAL REVIEW UNDER THE APA
Judicial review of a quasi-judicial administrative agency action is said to be appellate review. Matter of American Waste & *1168 Pollution Control Co., 588 So.2d 367, 370 (La.1991). District courts have appellate jurisdiction only when provided by law. La. Const. art. V, § 16(B); Matter of American Waste, 588 So.2d at 370; Boeing Company v. Louisiana Department of Economic Development, 94-0971 (La.App. 1 Cir. 6/23/95), 657 So.2d 652, 656. The appellate review provided by La. R.S. 49:964 is only available after an "adjudication." That is, under La. R.S. 49:964(G), it is only when a person is aggrieved by a final decision or order in an adjudication proceeding that he is entitled to judicial review under the APA. An "adjudication" is defined in La. R.S. 49:951(1) as an "agency process for the formulation of a decision or order." A "decision" or "order" is defined in La. R.S. 49:951(3) as "the whole or any part of the final disposition (whether affirmative, negative, injunctive, or declaratory in form) of any agency, in any matter other than rulemaking, required by constitution or statute to be determined on the record after notice and opportunity for an agency hearing...."
Hence, the APA provides for judicial review in an adjudication. An adjudication is a proceeding resulting in a decision or order. A decision or order is, for purposes of the APA, a disposition required by constitution or statute to be made only after notice and a hearing. Therefore, unless there is some constitutional or statutory provision requiring that prisoners be given notice and a hearing on the record prior to the Department's decision regarding discipline matters, then the Department's decision is not subject to judicial review under the APA. Delta Bank & Trust Company v. Lassiter, 383 So.2d 330, 333 (La.1980); Jones v. Southern University and A & M College System, Board of Supervisors, 96-1430 (La.App. 1 Cir. 5/9/97), 693 So.2d 1265, 1269; Parochial Employees' Retirement System of Louisiana v. Caddo Parish Commission, Etc., 95-0243 (La.App. 1 Cir. 3/15/96), 676 So.2d 105, 107, writ denied, 96-0955 (La.5/31/96), 673 So.2d 1031. See also Matter of Carline Tank Services, Inc., 627 So.2d 669, 670 (La.App. 1 Cir.1993) (on rehearing).
Thus, the Supreme Court's pronouncement in Armistead that the APA apply to review of disciplinary proceedings was extremely limited by its subsequent pronouncement in Delta Bank that judicial review only exists under the APA when the matter at issue constitutes an adjudication within the meaning of the APA's definitions. All petitions for judicial review of disciplinary actions before the Nineteenth JDC should be carefully reviewed in light of Delta Bank and its progeny for a determination of whether or not they meet the high threshold of subject matter jurisdiction required by these cases. We now examine the present claim in this manner.
The rights at issue in this appeal are Mr. Johnson's rights, as a prisoner, to telephone and canteen privileges. These rights are not constitutionally protected liberty or property rights.[6] Therefore, the Department was not constitutionally required to give notice and opportunity for a hearing prior to imposing these penalties upon the plaintiff, and its action therefore does not constitute a decision or order, nor an adjudication within the meaning of the APA. Further, although the Department has internal rules that require disciplinary hearings, there is no statutory provision *1169 requiring the Department to hold a hearing prior to suspending telephone and canteen privileges.[7] Once again, this leads to the conclusion that the Department's disciplinary action in this case does not constitute an adjudication over which the district court had judicial review under La. R.S. 49:964 of the APA. Therefore, due to a lack of subject matter jurisdiction, we affirm the dismissal of Mr. Johnson's petition.

DECREE
For the foregoing reasons, the district court's judgment is AFFIRMED. Costs of this appeal are assessed to Mark Johnson.
KUHN, J., concurs.
FITZSIMMONS, J., concurs in the result.
NOTES
[1] The Armistead court, 365 So.2d at 469, gave the following guidance for judicial review of prison disciplinary actions:

After an adverse ruling by the prison Disciplinary Board, the inmate should exhaust his administrative remedies by appealing to the Secretary of Corrections pursuant to procedures established by the Department of Corrections. If the Secretary of Corrections affirms the decisions of the prison Disciplinary Board, the inmate may petition the district court for review of the decision pursuant to the provisions of La. R.S. 49:964, which requires him to appeal within thirty days after mailing of agency decision. (If the written decision is delivered to him instead of mailed, the thirty-day delay commences on the day after such delivery.)
The district court will review the agency determination upon the administrative record, as provided by R.S. 49:964 F. Judicial review of the agency determination should adhere to the standard of review set out in La. R.S. 49:964 G....
[2] The Nineteenth Judicial District Court has also used the CARP to review prison disciplinary matters. See Hunter v. Stalder, 98-2326 (La.App. 1 Cir. 6/25/99), 738 So.2d 1190, also decided this date.
[3] Louisiana Revised Statute 15:1177(A) provides:

Any offender who is aggrieved by an adverse decision by the Department of Public Safety and Corrections or a contractor operating a private prison facility rendered pursuant to any administrative remedy procedures under this Part may, within thirty days after receipt of the decision, seek judicial review of the decision only in the Nineteenth Judicial District Court or, if the offender is in the physical custody of the sheriff, in the district court having jurisdiction in the parish in which the sheriff is located, in the manner hereinafter provided[.]
[4] Louisiana Revised Statute 15:1177(A)(9) provides:

The court may reverse or modify the decision only if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(a) In violation of constitutional or statutory provisions.
(b) In excess of the statutory authority of the agency.
(c) Made upon unlawful procedure.
(d) Affected by other error of law.
(e) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
(f) Manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by firsthand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.
[5] Louisiana Revised Statute 49:964(G) provides:

G. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Not supported and sustainable by a preponderance of evidence as determined by the reviewing court. In the application of this rule, the court shall make its own determination and conclusions of fact by a preponderance of evidence based upon its own evaluation of the record reviewed in its entirety upon judicial review. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by firsthand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.
[6] Lawful imprisonment necessarily makes unavailable many rights and privileges of the ordinary citizen, a `retraction justified by the considerations underlying our penal system.' Wolff v. McDonnell, 418 U.S. 539, 555-556, 94 S.Ct. 2963, 2974-2975, 41 L.Ed.2d 935 (1974) quoting Price v. Johnston, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948). A prisoner does maintain certain constitutional protections while incarcerated, such as religious freedom under the First and Fourteenth Amendments; right of access to the courts; protection under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race, and the right to due process of law prior to the deprivation of life, liberty, or property. See Wolff v. McDonnell, 418 U.S. at 555-556, 94 S.Ct. at 2974, and cases cited therein. However, minor privileges, such as telephone and canteen privileges do not rise to the level of constitutionally protected interests.
[7] See Section V entitled "Hearings" of Department of Public Safety and Corrections, Disciplinary Rules and Procedures for Adult Inmates, First Edition, 1993.