LOUIS STEMLEY
v.
ROBERT HENDERSON, DEPUTY WARDEN, PHELPS CORRECTIONAL CENTER; JOANN PESHOFF, ASSISTANT WARDEN; JIM ROGERS, WARDEN; AND DEPARTMENT OF CORRECTIONS.
No. 2007 CA 0181.
Court of Appeal of Louisiana, First Circuit.
November 2, 2007.
NOT DESIGNATED FOR PUBLICATION.
LOUIS STEMLEY, Plaintiff/Appellant, pro se.
DEBRA A. RUTLEDGE, Counsel for Defendant/Appellee, Richard Stalder, Secretary of the Louisiana Department of Public Safety and Corrections.
Before WHIPPLE, GUIDRY and HUGHES, JJ.
WHIPPLE, J.
This is an appeal from a judgment of the Nineteenth Judicial District Court in East Baton Rouge Parish. Plaintiff, Louis Stemley, is an inmate in the custody of the Department of Public Safety and Corrections (the DPSC). By motion dated August 2, 2004, plaintiff sought dismissal of several disciplinary reports against him, contending that his appeals of those reports had never been answered. Thereafter, on August 6, 2004, defendant was written up for a violation of Disciplinary Rule 22, theft, on the basis that plaintiff had not told the truth about not receiving appeal decisions regarding certain disciplinary reports he sought to have dismissed and, thus, was seeking material gain by submitting false information.
Plaintiff appealed the August 6, 2004 disciplinary report, and the appeal was assigned Disciplinary Board Appeal No. PCC-2004-196. His appeal was denied by both the warden and the secretary of the DPSC. Plaintiff signed for receipt of the adverse final agency decision on October 29, 2004.
Thereafter, plaintiff prepared a petition for judicial review, which he signed on November 30, 2004, and filed in the Nineteenth Judicial District Court on December 8, 2004. After being served with plaintiff's petition, the secretary of the DPSC filed a motion to dismiss plaintiff's petition on the basis that it was filed more than thirty days after his receipt of the final agency decision in Appeal No. PCC-2004-196.
In his recommendation, the Commissioner concluded that plaintiff's petition for judicial review was not timely, given that he did not even sign his petition until after the thirty-day peremptive period had expired. Accordingly, the Commissioner recommended that plaintiff's petition for judicial review be dismissed with prejudice. In accordance with the Commissioner's recommendation, the district court rendered judgment on July 1, 2005, dismissing plaintiff's suit with prejudice. From this judgment, plaintiff appeals.
Louisiana Revised Statute 15:1177(A) provides that an inmate aggrieved by an adverse decision of the DPSC may "within thirty days after receipt of the decision, seek judicial review of the decision only in the Nineteenth Judicial District Court." In order for the jurisdiction of the reviewing court to attach, the petition for judicial review must be timely filed. Tatum v. Lynn, 93-1559 (La. App. 1st Cir. 5/20/94), 637 So. 2d 796, 797. This thirty-day period is peremptive rather than prescriptive. Carter v. Lynn, 93-1583 (La. App. 1st Cir. 5/20/94), 637 So. 2d 690, 691.
As stated above, plaintiff received the final agency decision in Appeal No. PCC-2004-196 on October 29, 2004, but he did not sign his petition for judicial review until November 30, 2004, more than thirty days after receipt of the agency decision.[1] Accordingly, plaintiff's petition was untimely, and neither the district court nor this court has jurisdiction to entertain plaintiff's appeal. Lay v. Stalder, 99-0402 (La. App. 1st Cir. 3/31/00), 757 So. 2d 916, 919.
Thus, in accordance with Uniform Rules Courts of Appeal, Rule 2-16.1(B), we affirm the judgment of the district court, dismissing plaintiff's appeal of the final agency opinion in Disciplinary Board Appeal No. PC-2004-196. Costs of this appeal are assessed against plaintiff, Louis Stemley.
AFFIRMED.
NOTES
[1] While his petition for judicial review was not filed with the Nineteenth Judicial District Court until December 8, 2004, a petition for judicial review by an incarcerated inmate unable to personally file his petition in court is considered timely filed if placed in the hands of prison officials within the thirty-day period mandated by LSA-R.S. 15:1177(A). See Tatum, 637 So. 2d at 799. However, even giving plaintiff the benefit of the doubt, the earliest he could have given the prison officials his completed petition for mailing was November 30, 2004, immediately after signing it. In fact, this is the date that plaintiff avers he placed the petition in the hands of prison officials. However, this date is more than thirty days after his October 29, 2004 receipt of the final agency decision.