637 So.2d 690 (1994)
L.C. CARTER
v.
Bruce LYNN, Secretary of the Department of Public Safety and Corrections; Governor Edwin Edwards; and Warden Marty L. Lensing.
No. 93 CA 1583.
Court of Appeal of Louisiana, First Circuit.
May 20, 1994.
Otha Curtis Nelson, Sr., Baton Rouge, for plaintiff-appellant L. C. Carter.
Michael A. Patterson, Baton Rouge, for defendants-appellees Bruce Lynn, Secretary of Public Safety & Corrections; Governor Edwin Edwards; and Warren Marty Lensing.
Before WATKINS, SHORTESS and FOGG, JJ.
FOGG, Judge.
In this prisoner's suit, the issue raised on appeal is whether the time period set forth in La.R.S. 15:1177 for judicial review of an adverse decision by the Department of Public Safety and Corrections is peremptive or prescriptive.
The plaintiff, L.C. Carter, filed an action in district court on January 28, 1992, seeking damages for an injury he allegedly sustained when he slipped and fell while an inmate. The plaintiff had sought relief through the administrative remedies authorized by La. R.S. 15:1171 et seq.; therefore, the plaintiff's petition for damages is considered a petition for review of the administrative decision. The administrative record from the Department of Corrections indicates that the plaintiff received his third step response denying his request for relief for his injuries from his slip and fall on July 30, 1991. The defendants filed a peremptory exception of peremption alleging that the plaintiff had failed to seek judicial review within the thirty (30) *691 day time period provided by La.R.S. 15:1177, and therefore, his right to seek relief before the district court was extinguished. Following a hearing on the defendant's exception of peremption, the Commissioner recommended that the exception be sustained. This recommendation was adopted by the trial court, and the plaintiff's suit was dismissed.
On appeal, the plaintiff contends that the trial court erred in sustaining the defendants' exception of peremption. The plaintiff contends that the time period in which to seek judicial review contained in La.R.S. 15:1177 is prescriptive rather than peremptive, and thus, his filing an action on his claim in the United States District Court for the Middle District of Louisiana on August 24, 1991, interrupted the running of the time period.
La.R.S. 15:1177 states, in pertinent part, "Any offender who is aggrieved by an adverse decision by the Department of Public Safety and Corrections ... rendered pursuant to any administrative remedy procedures under this Part may, within thirty days after receipt of the decision, seek judicial review of the decision only in the Nineteenth Judicial District Court...."
The legislature enacted the Administrative Remedy Procedure as the exclusive remedy for inmates seeking relief for personal injury claims such as those raised by the plaintiff in this action. La.R.S. 15:1171. With La.R.S. 15:1177, the legislature placed a time limit on the existence of an inmate's right to seek judicial review of an administrative decision rendered under the Administrative Remedy Procedure. According to La. C.C. art. 3458, a peremptive period is a period of time fixed by law for the existence of a right. Where a statute creating a right of action also sets out the period of time in which the right must be exercised, the period for instituting an action is peremptive rather than prescriptive. Harris v. Whitfield, 519 So.2d 354 (La.App.2d Cir.1988). As the Louisiana legislature has provided that the Administrative Remedy Procedure is the exclusive remedy by which inmates may seek damages for personal injuries and the legislature has set out the time period for seeking judicial review of any agency decision rendered under the Administrative Remedy Procedure, we find that the thirty (30) day time period provided in La.R.S. 15:1177 is peremptive rather than prescriptive. See Mack v. Winn Dixie of Louisiana, Inc., 442 So.2d 756 (La.App. 1st Cir.1983).
The record in this matter clearly indicates that the plaintiff failed to file his petition for judicial review within the applicable peremptive period. Peremption may not be interrupted or suspended. La.C.C. art. 3461. Once the plaintiff failed to seek judicial review within thirty (30) days as provided in La.R.S. 15:1177, his right to relief ceased to exist.
Accordingly, we affirm the judgment of the trial court. Costs of this appeal are assessed against the plaintiff.
AFFIRMED.
SHORTESS, J., dissents with reasons.
SHORTESS, Judge, dissenting.
In my opinion, plaintiff's case is not properly a matter for the Corrections Administrative Remedy Procedure Act, as per Louisiana Revised Statute 15:1171-1177. This act conflicts with Louisiana Constitution article 5, section 16, which places original jurisdiction of all civil and criminal matters in the district court. See Moore v. Roemer, 567 So.2d 75 (La.1990).
I respectfully dissent.