691 So.2d 159 (1997)
Dennis M. SHELTON
v.
LOUISIANA DEPARTMENT OF CORRECTIONS, Richard L. Stalder, et al.
No. 96 CA 0348.
Court of Appeal of Louisiana, First Circuit.
February 14, 1997.
*160 Dennis M. Shelton, Cottonport, Plaintiff-Appellant, in Pro. Per.
J. Scott Thomas, Office of Attorney General, Baton Rouge, for Defendant-Appellee, Louisiana Department of Public Safety and Corrections, et al.
Before CARTER, GONZALES and PARRO, JJ.
PARRO, Judge.
Plaintiff Dennis M. Shelton ("Shelton"), an inmate in the state correctional system, appeals a judgment that dismissed his pro se suit with prejudice, essentially on the grounds of lack of jurisdiction for failure to timely file this suit for judicial review.

FACTS AND PROCEDURAL HISTORY
While incarcerated at Hunt Correctional Center, Shelton initiated an administrative remedy procedure ("ARP") against prison officials, complaining of inhumane living and working conditions at the prison, as well as inadequate health and long-term medical treatment conditions. This proceeding was assigned number HCC-95-0065 and was rejected by prison officials because it contained multiple complaints in one proceeding. Shelton received the rejection letter in this matter on January 13,1995.
*161 Shelton had earlier filed an ARP in which he contended he was being verbally harassed and mistreated by one of the guards. The proceeding was assigned number HCC-94-1529. At the third step in this matter, Shelton attempted to "consolidate" number HCC-95-0065 with it by adding this already rejected complaint to the still pending claims in HCC-94-1529. The "consolidation" was rejected as improper use of the procedure. The harassment complaint was also rejected at the third step because some of the matters had been addressed and corrected at the first step and the evidence did not support the other claims. Shelton received the rejection notice in HCC-94-1529 on February 20, 1995.
The ARP is a three-step procedure. If the inmate is not satisfied with the response at any level, he may proceed to the next step, and ultimately may seek judicial review of an adverse decision.[1]
On March 3, 1995, Shelton signed a petition in which he asked for judicial review of the adverse decision in HCC-95-0065. On March 10, 1995, he sent the petition to the mailroom, along with a withdrawal request, asking that postage money for the mailing be withdrawn from his inmate account. This was the proper procedure for depositing legal mail to be mailed, and his account statement shows he had sufficient funds in his inmate account to cover the postage. However, the envelope in which the petition was mailed to the court was not postmarked until March 24, 1995, and the petition was not filed with the court until April 4, 1995.
The defense filed a peremptory exception alleging failure to timely seek judicial review. LSA-R.S. 15:1177(A) requires the petition to be filed within thirty days of the agency's final decision on the ARP. The defense argued because Shelton received the agency decision in HCC-95-0065 on January 13, 1995, the filing on April 4, 1995, was untimely. Shelton claimed the date of the final agency decision to be applied in this case was February 20, 1995, because his petition also referred to the claims asserted in HCC-94-1529. He contended his suit was timely because it was placed with prison authorities for mailing to the court within the thirty day period. After a hearing on the exception, the commissioner recommended that the court sustain the exception and dismiss the case with prejudice.[2] On August 29, 1995, the district judge adopted the commissioner's recommendation and signed a judgment, granting the defendants' exception of failure to timely file the suit for judicial review and dismissing the case, with prejudice, at plaintiff's cost. Shelton timely perfected this devolutive appeal.

LEGAL ISSUE
This court must determine whether an inmate's pro se suit for judicial review of an adverse decision regarding his administrative claims was untimely because it was filed with the district court beyond the thirty-day filing period for such suits, even though the inmate used correct prison procedures and deposited the petition with prison authorities for mailing well within the thirty-day period.

APPLICABLE LAW AND ANALYSIS
The right to judicial review of an adverse decision of the Department of Public Safety and Corrections in administrative remedy procedures did not exist prior to the 1987 enactment of LSA-R.S. 15:1177(A), which states, in part:
Any offender who is aggrieved by an adverse decision by the Department of Public Safety and Corrections rendered pursuant to any administrative remedy procedures under this Part may, within thirty days after receipt of the decision, seek judicial review of the decision only in the Nineteenth Judicial District Court....
*162 Shelton's petition is a request for review of HCC-95-0065 and almost all of the allegations track exactly what was filed with prison authorities under that ARP. However, since he did not even sign his petition until March 3,1995, the commissioner concluded that any claims which formed the basis of HCC-95-0065 were clearly untimely, since Shelton received notice of the agency decision in that matter on January 13, 1995. However, Shelton's petition briefly mentioned the "consolidated" claims in HCC-94-1529, and apparently some interrelationship between HCC-94-1529 and HCC-95-0065 was evidenced at the hearing, because the commissioner ordered the full record of HCC-94-1529 to be made a part of this record. The commissioner then indicated in his reasons for judgment that the only claims still extant were those related to HCC-94-1529, for which Shelton received notice of the final decision on February 20, 1995. After reviewing those claims, the commissioner recommended that even those should be dismissed as untimely, because they were essentially administrative in nature and therefore the thirty-day period assigned in the statute was peremptive.
Shelton relies on a case from this court, Tatum v. Lynn, 93-1559 (La.App. 1st Cir. 5/20/94), 637 So.2d 796, which held that an inmate's petition for judicial review was timely because it was "filed" when it was delivered to prison authorities for forwarding to the district court. The inmate in Tatum received notice of the final decision on his ARP on October 1, 1991, and deposited his petition for judicial review with prison authorities on October 28, 1991. The petition was mailed that same day, but by the time it reached the court and was filed, it was beyond the thirty-day filing requirement. This court, citing the U.S. Supreme Court decision of Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), concluded the suit was timely because the inmate had used the only means available to him to ensure the timely filing of his petition. He had delivered it to the prison authorities with sufficient time for normal mail delays, and there was nothing further he could have done to protect his rights.
The commissioner relied on another decision decided the same day as Tatum, in which this court held that the thirty days specified by the enabling legislation was peremptive and could not be interrupted or suspended for any reason. Carter v. Lynn, 93-1583 (La.App. 1st Cir. 5/20/94), 637 So.2d 690. In Carter, the prisoner was injured in a slip and fall accident, claimed damages by way of an ARP, and received the final agency decision rejecting his claims on July 30, 1991. He filed suit in the United States District Court for the Middle District of Louisiana on August 24, 1991, but his suit there was dismissed because the statute specified it had to be filed in the Nineteenth Judicial District Court of the State of Louisiana. The inmate re-filed his suit in state district court on January 28, 1992, and argued that the earlier filing in the wrong court had interrupted the running of the time period. This court disagreed, reasoning that the thirty-day period in LSA-R.S. 15:1177(A) was peremptive because the right to judicial review was created by the statute, which also fixed its duration.[3]
The commissioner in this case expressed some disagreement with the application of the Carter rationale to tort claims, habeas corpus claims, and other causes of action which existed independent from, and therefore were not created by, the enactment of the Corrections Administrative Remedy Procedure for penal institutions. However, the commissioner applied Carter to this case because the matters at issue in Shelton's ARPs were all administrative in nature. Shelton would not have enjoyed any judicial relief for these claims, had the Corrections Administrative Remedy Procedure authorized in LSA-R.S. 15:1171 not been enacted. The commissioner therefore concluded that, because LSA-R.S. 15:1177 had indeed created Shelton's right of action for judicial review of an adverse determination on administrative *163 claims, the time period which the statute specified for assertion of the claim was peremptive, could not be interrupted or suspended, and Shelton's filing was untimely.
The Louisiana Supreme Court has not addressed the issue of whether the thirty-day period specified in the statute is prescriptive or peremptive, but it has referred to both the Tatum and Carter cases. In two instances, the supreme court granted writs and remanded the cases to the district court based on Tatum. In State ex rel. Johnson v. Whitley, 92-2689 (La.1/6/95), 648 So.2d 909, the supreme court cited Tatum and ordered the district court to hold a hearing and to apply the principles set out in it and in Houston v. Lack, supra, to determine whether the inmate timely filed his application for post conviction relief by delivering it to penitentiary authorities for forwarding to the court before the filing deadline passed. In State ex rel. Gray v. State, 94-1002 (La.6/30/95), 657 So.2d 1005, the supreme court ordered the district court to consider the merits of the inmate's timely filed application, and cited Tatum, Houston v. Lack, and State ex rel. Johnson v. Whitley. In both these instances, the supreme court's application of Tatum indicated its approval of this court's reasoning in the Tatum case.
In a case involving judicial review of an adverse decision on a prisoner's ARP, the Louisiana Supreme Court mentioned the Carter decision, but gave no indication of whether it approved the peremption rationale of the case. See Marler v. Petty, 94-1851 (La.4/10/95), 653 So.2d 1167. A footnote in this case noted that the First Circuit Court of Appeal had not applied Carter and had not affirmed the dismissal of the case based on peremption. The supreme court did not address the prescription or peremption question because it had not been raised in the courts below, and indicated that, on remand, the trial court could consider this issue if it were raised. Marler v. Petty, 653 So.2d at 1171, n. 5.
Other than these references, this court has no indication from the Louisiana Supreme Court of how it might reconcile the apparent inconsistencies in the Tatum and Carter cases. However, the facts of this case are virtually indistinguishable from Tatum. Like the inmate in the Tatum case, Shelton deposited his legal mail with the prison authorities, using proper procedures for prison mail, within the thirty-day delay period. Therefore his "filing" is timely. Given the supreme court's approbation of this rationale in the two cited writ applications, we believe the commissioner erred in applying the peremption rationale of the Carter case to dismiss Shelton's petition. Because we find the petition for judicial review was filed within the thirty-day period, we do not address whether that period is prescriptive or peremptive. Either way, Shelton's filing was timely and the court's judgment on the exception was legal error.
LSA-R.S. 15:1177 specifies the manner of judicial review shall be as provided by LSA-R.S. 49:964. That statute states that the court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the decision was affected by error of law. LSA-R.S. 49:964(G). The right of the appellant to judicial review is a substantial right, which is eliminated by the dismissal with prejudice. Accordingly, this court could reverse or modify the decision.
Generally, we would reverse and remand for a full hearing on the merits of the petition. However, LSA-R.S. 49:964(F) states that judicial review shall be confined to the record, as developed by the administrative proceedings. This court has before it the entire record upon which the decision must be based. Therefore, in the interest of judicial economy, this court will review the merits of Shelton's claims.
As the commissioner noted, most of Shelton's complaints were set out in HCC-95-0065, on which he received the final agency decision on January 13,1995. Because he did not even sign his petition until March 3, 1995, these are clearly untimely. His attempt to "consolidate" these already rejected complaints into a pending matter is an abuse of the process. Were he allowed to do this, any expired complaint could be resurrected and "consolidated" with a pending matter for the court to review; the delay period specified *164 in the statute would be nullified. The commissioner was correct in rejecting these claims as untimely. However, we have determined that the claims related to HCC-94-1529 were timely, and it is those which we will review.
HCC-94-1529 alleges intimidation and verbal abuse, as well as arbitrary use of authority and power, by Sgt. James Thompson. According to Shelton, Sgt. Thompson used abusive language, threatened him and other inmates on the tier, and turned off the television for the whole tier as a result of the misconduct of two or three inmates. Sgt. Thompson also did not always provide Shelton with sugar or sweetener for his hot breakfast cereal. When this occurred, Shelton could not eat his cereal, because he does not like it unsweetened. Occasionally, as a result of serving other inmates first, Shelton's meal would be cold or his milk would be warm by the time he received it. But Shelton claimed that Sgt. Thompson refused to return to the kitchen for hot food, cold milk, or sweetener. Shelton alleged at the second and third steps of the ARP that ranking officers on the tier were covering up for Sgt. Thompson and telling Shelton to drop his ARP.
The record indicates all of Shelton's complaints were thoroughly investigated and his witnesses were interviewed. All of the inmate witnesses stated that Sgt. Thompson did exchange diet trays when necessary, including Shelton's. Only one witness corroborated Shelton's claim of verbal abuse. The others indicated they had never heard Sgt. Thompson curse Shelton or threaten him or any of the inmates. All of the inmates confirmed that when the inmates on the tier were noisy and would not be quiet, Sgt. Thompson turned off the television as a disciplinary measure. Sgt. Thompson admitted he sometimes turned off the television when the inmates did not comply with his orders to hold the noise down, but denied any verbal abuse and threatening words or actions. The ranking officers denied any "cover-up" and said they had not told Shelton to drop his complaint.
As a result of this investigation, Sgt. Thompson was instructed not to turn off the television sets in the future, but to contact his supervisor when the inmates would not be quiet. Because the complaints about the food, verbal abuse, and threats were not substantiated by Shelton's witnesses, there was no relief ordered on these matters. The fact of the investigation and its results belies Shelton's claim of "cover-up," and no action was taken against any of the ranking officers on the tier.
We find no manifest error in the decision of the agency. Shelton simply failed to prove any of his allegations, other than the complaint about the television, and this problem was addressed and corrected. No further relief is warranted.

CONCLUSION
Therefore, although we find Shelton's claim was filed timely, we affirm the trial court's dismissal of Shelton's claim, with prejudice, because the agency's decision was correct. Costs of this appeal are assessed against Shelton.
AFFIRMED.
NOTES
[1] The ARP was adopted pursuant to the authority granted in LSA-R.S. 15:1171 and is described in rules published in the Louisiana Register, Volume 17, no. 1, pp. 68-72. The inmate may seek judicial review of an adverse decision pursuant to LSA-R.S. 15:1177(A).
[2] Because it is an inmate suit, this case was assigned to a commissioner to conduct all proceedings and make a recommendation to the appropriate district court judge. This is a procedure followed in the Nineteenth Judicial District Court to handle the large volume of lawsuits filed by inmates under LSA-R.S. 15:1177(A). See LSA-R.S. 13:713.
[3] Under LSA-C.C. art. 3458, peremption is a period of time fixed by law for the existence of a right. Unless exercised within the specified time, the right of action ceases to exist. Unlike a prescriptive period, which can be interrupted or suspended as provided by law, the running of the peremptive period cannot be interrupted or suspended and the right is extinguished. See LSA-C.C. art. 3461.