693 So.2d 1317 (1997)
Leonard GREEN
v.
STATE of Louisiana, et al.
No. 96 CW 0781.
Court of Appeal of Louisiana, First Circuit.
May 9, 1997.
Laurie A. White, New Orleans, for Plaintiff-Respondent Leonard Green.
Andre Charles Castaing, Baton Rouge, for Defendants-Relators State of Louisiana, et al.
Before WHIPPLE, PITCHER and FITZSIMMONS, JJ.
PITCHER, Judge.
On November 21, 1995, respondent, Leonard Green, filed a tort suit in the Nineteenth Judicial District Court against Richard L. Stalder, the Secretary of the Louisiana Department of Public Safety and Corrections; Ed Day, the warden at the Washington Correctional Institute (WCI); three (3) unnamed guards at WCI; and Patrick Allen, an inmate at WCI. Respondent alleged that, on or about November 22, 1994, while incarcerated at WCI, he was injured when Patrick Allen hit him in the face with a metal padlock while they were playing football. Respondent further alleged that relators were negligent in allowing this injury to occur.
Thereafter, relators, Stalder and Day, filed a peremptory exception of abandonment. Relators alleged that respondent had failed to pursue his administrative remedies as set forth in the Corrections Administrative Remedy Procedure, LSA-R.S. 15:1171, et seq. and thus, had forfeited his right to sue in district court. In response to relators' peremptory exception, respondent contended that, because he had been released from the custody of the Department of Corrections on a good-time release on October 27, 1995, he did not have to pursue his administrative remedies before he instituted his lawsuit in district court. In support of his argument, respondent relied upon the case of Bumgarden v. Wackenhut Corrections Corporation, 93-1349 (La.App. 3rd Cir. 9/21/94); 645 So.2d 655, writ denied, 95-0156 (La.6/2/95); 654 So.2d 1102.
The district court subsequently rendered judgment in favor of respondent, denying the peremptory exception of abandonment filed by relators.
Relators filed an application for supervisory writs and on September 20, 1996, this court denied the writ application, citing *1318 Bumgarden v. Wackenhut, 93-1349; 645 So.2d 655. Green v. State of Louisiana, 96-0781 (La.App. 1st Cir. 9/20/96).
On December 6, 1996, the Louisiana Supreme Court granted relators' writ application and remanded the case to this court for briefing, argument, and a full opinion. Green v. State of Louisiana, 96-2503 (La.12/16/96).
The Corrections Administrative Remedy Procedure provides that the Department of Public Safety and Corrections and each sheriff may adopt an administrative remedy procedure at each of their adult and juvenile institutions, including private prison facilities, in compliance with the "Civil Rights of Institutionalized Persons Act", 42 U.S.C. § 1997, et seq. LSA-R.S. 15:1171(A). LSA-R.S. 15:1171(B) provides as follows:
The department or sheriff may also adopt, in accordance with the Administrative Procedure Act, administrative remedy procedures for receiving, hearing, and disposing of any and all complaints and grievances by adult or juvenile offenders against the state, the governor, the department or any officials or employees thereof, the contractor operating a private prison facility or any of its employees, shareholders, directors, officers, or agents, or a sheriff, his deputies, or employees, which arise while an offender is within the custody or under the supervision of the department, a contractor operating a private prison facility, or a sheriff. Such complaints and grievances include but are not limited to any and all claims seeking monetary, injunctive, declaratory, or any other form of relief authorized by law and by way of illustration includes actions pertaining to conditions of confinement, personal injuries, medical malpractice, time computations, even though urged as a writ of habeas corpus, or challenges to rules, regulations, policies, or statutes. Such administrative procedures, when promulgated, shall provide the exclusive remedy available to the offender for complaints or grievances governed thereby insofar as federal law allows. All such procedures, including the adult and juvenile offender disciplinary process, promulgated and effective prior to June 30, 1989, shall be deemed to be the exclusive remedy for complaints and grievances to which they apply insofar as federal law allows. (Footnote omitted.)[1]
Additionally, LSA-R.S. 1172(B) provides, in pertinent part, that if the offender has failed timely to pursue administrative remedies through this procedure, any petition he files shall be dismissed.
Relators contend that respondent is barred from bringing an action in district court because he failed to pursue his administrative remedies.
In Bumgarden v. Wackenhut Corrections Corporation, 645 So.2d at 658, the court held that the Corrections Administrative Remedy Procedure does not apply to suits brought by a plaintiff not in custody, regardless of whether the cause of action arose while the plaintiff was in custody. We agree. Because respondent was no longer in the custody of the department when he filed this suit, the Corrections Administrative Remedy Procedure is inapplicable to respondent and cannot act as a bar to his cause of action.
We note that, in Carter v. Lynn, 93-1583 (La.App. 1st Cir. 5/20/94); 637 So.2d 690, this court found that the thirty day time period in which to seek judicial review provided for in LSA-R.S. 15:1171 was peremptive rather than prescriptive. Because the inmate failed to file an action in state district court within thirty days after he received his third step response denying his request for relief for his injuries, his right to relief ceased to exist. Carter v. Lynn, 637 So.2d at 691.
Because we have determined that the Administrative Procedure Remedy is inapplicable to an offender no longer in the custody of the Department of Corrections, Carter v. Lynn is not dispositive of the case before us.
For the foregoing reasons, the judgment of the district court, denying relators' peremptory exception of abandonment, is affirmed.
*1319 Costs of this appeal, in the amount of $718.73, are assessed to relators.
AFFIRMED.
FITZSIMMONS, J., dissents and assigns reasons.
FITZSIMMONS, Judge, dissenting.
I respectively dissent from the majority opinion. Louisiana revised statute 15:1171 provides for the adoption of administrative procedures for hearing and disposing of "any and all complaints and grievances by adult or juvenile offenders against the state ... which arise while an offender is within the custody or under the supervision of the department...." La. R.S. 15:1171(B). In order to preserve any cause of action that may be claimed against the state, the aggrieved must, therefore, timely pursue administrative remedies. "If the offender has failed timely to pursue administrative remedies through this procedure, any petition he files shall be dismissed.... All such procedures ... shall be deemed to be the exclusive remedy for complaints and grievances to which they apply insofar as federal law allows." La. R.S. 15:1171(B), 15:1172(B).
Mr. Green was incarcerated with the Department of Corrections at the time that his cause of action against the State of Louisiana arose. As an offender, within the custody or under the supervision of the Department of Public Safety, his remedial course of action was subject to the Corrections Administrative Remedy Procedures (ARP) promulgated for complaints and grievances. La. R.S. 15:1171. Mr. Green, moreover, remained a prisoner in the custody of the Department of Corrections throughout the entire period of time afforded to him by the ARP to file a complaint. La. R.S. 15:1171. He was an inmate at the expiration of the 30 day time period allowed a prisoner to file a claim. After the passage of 30 days, Mr. Green's right to file a claim terminated.
The key issue here is the fact that Mr. Green was incarcerated for the entire duration of the prescriptive period set out by the legislature. This is the distinguishing factor. Had Mr. Green been injured on November 22, 1994 and released on November 23, 1994, the APR would not apply. This scenario, however, is not the facts we have before us. Simply stated, Mr. Green's action arose and prescribed while he was in prison. Prisoners are subject to the remedial timetable of the ARP. Mr. Green was, thus, procedurally barred from asserting that cause of action. He cannot now resuscitate the expired cause, irrespective of his subsequent status as a non-prisoner.
Moreover, the first circuit has previously pronounced in an analogous case involving the ARP, that the delay provided in the ARP for the exercise of a prisoner's remedial avenues is a peremptive period of time, rather than a prescriptive deadline. This legal characterization applies when the permissible time period to exert a claim is contained in the same statute that created the right to assert the action. Carter v. Lynn, 637 So.2d 690, 691 (La.App. 1st Cir.1994). I disagree with my colleagues that the holding in Carter v. Lynn is inapposite. With the enactment of La. R.S. 15:1171(B), the legislature contemporaneously incorporated the procedural 30 day deadline that had been promulgated by the administration when the lawmakers formulated the statutory right to file an action. Thus, at the expiration of that period of time, the right to file the cause of action is extinguished peremptorily.
NOTES
[1] Administrative rules for asserting such claims were promulgated in the Louisiana Register, Volume 17, Number 1, January 20, 1991.