IxWHIPPLE, Judge,
dissenting.
While the majority correctly notes that this court may notice and raise the issue of peremption on its own motion, I do not believe it is appropriate, given the posture of this case, for us to do so. Instead, I would address the merits of the issues before us and alternatively, would remand the matter to the trial court for briefing and argument on the peremption issue and to allow the lower court to rule on the issue. In particular, relying upon the “bright line” peremption statement set forth in Carter v. Lynn, 93-1583 (La.App. 1st Cir. 5/20/94); 637 So.2d 690 may be less than sound considering other applicable jurisprudence. Because the majority relies heavily upon Carter v. Lynn by analogy, and because I am not convinced that we should supply the peremption argument and use this as a basis for pretermitting the merits of the issues which have been briefed, I must dissent.
Here, a medical malpractice claim was originally filed in federal district court which was dismissed pursuant to a judgment approving a settlement among the parties. Subsequently, appellant herein made a claim with the PCF for payment of custodial care services, which claim was ultimately denied in part and granted in part by the PCFOB. Appellant first filed a petition for review of the PCFOB’s decision in federal court, which petition was dismissed for lack of subject matter jurisdiction. Appellant subsequently filed a second petition for review in the 19th JDC, which petition was ultimately dismissed and comprises the basis of this appeal. Applying Carter v. Lynn by analogy, the majority ^“recognizes” the exception of peremption and affirms the dismissal of the petition for review.'
With respect to the particular statute at issue in Carter, ie., LSA-R.S. 15:1177(A), and referred to by analogy as providing support for the majority opinion herein, there is some doubt as to whether the Carter rationale and its “bright line” peremption statement would apply to tort claims, habeas corpus claims, and other causes of action which existed independent from and arguably were not created by, the enactment of administrative remedies procedures for correctional institutions (even with respect to claims which are factually based upon or related to events occurring during confinement.) See Green v. State, 96-0781 (La.App. 1st Cir. 5/9/97); 693 So.2d 1317.
Also, it is noteworthy that on the same day Carter was handed down, another panel of this court, citing the U.S. Supreme Court’s decision in Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), held in Tatum v. Lynn, 93-1559 (La.App. 1st Cir. 5/20/94); 637 So.2d 796, that an inmate’s petition for judicial review deposited with prison authorities, but received by mail for filing outside the statutory thirty day filing *411 date was timely. While the Louisiana Supreme Court has not squarely addressed the issue of whether the thirty day period under the Corrections Administrative Remedy Procedure is peremptive or prescriptive, the Court has referred to both Tatum and Carter. See State ex rel. Johnson v. Whitley, 92-2689 (La.1/6/95); 648 So.2d 909 (Tatum cited and the district court ordered to hold a hearing concerning delivery to prison officials to determine timeliness of a post-conviction relief application); State ex rel. Gray v. State, 94-1002 (La.6/30/95); 657 So.2d 1005 (Tatum cited and district court ordered to consider merits of application deemed timely filed); and Marler v. Petty, 94-1851 (La.4/10/95); 653 So.2d 1167 (where the Supreme |3Court, while noting that this court had not applied Carter and had not affirmed dismissal on grounds of peremption, did not address the issue of peremption versus prescription because it had not been raised below). Instead, the Supreme Court indicated that “[cjonsidering the state of the present record,” on remand the trial court should consider this issue if it were raised. Marler v. Petty, 94-1851 at p. 7, n. 5; 653 So.2d at 1171.[4]
Thus, given the procedural posture of this case, and absent further guidance from the Louisiana Supreme Court, I respectfully dissent from the majority’s dismissal based on this court’s ex proprio mota; furnishing of the peremption exception, and would instead decide the case on the merits of those issues presently and appropriately before us, ie., the propriety of the trial court’s grant of the PCF’s exceptions raising the objections of no cause of action and res judicata. Alternatively, this matter should have been remanded for development of the record and briefing on the issue of peremption. See Marler v. Petty, 94-1851 at p. 7, n. 5; 653 So.2d at 1171.

. An extensive recitation and thoughtful discussion of the developing jurisprudence and seeming inconsistencies on the peremption versus prescription issue and the thirty day filing period of LSA-R.S. 15:1177(A) is contained in Shelton v. Louisiana Department of Corrections, 96-0348, pp. 5-6 (La.App. 1st Cir. 2/14/97); 691 So.2d 159; 162-163. Much of the discussion above is derived with thanks and appreciation from the author’s detailed survey of the jurisprudence contained therein.