# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

LEONARD EVANS, JR.

NO. 2022 KW 0336

PAGE 1 OF 2

**JUNE 21, 2022**

In Re:    Leonard Evans, Jr., applying for supervisory writs, 17th Judicial District Court, Parish of Lafourche, No. C-576,085.

---

**BEFORE:    WHIPPLE, C.J., GUIDRY AND WOLFE, JJ.**

**WRIT GRANTED AND MATTER REMANDED.** The ruling of the district court denying relator's application for postconviction relief seeking an out-of-time appeal as untimely is vacated, and this matter is remanded for further proceedings. Relator had two years from the finality of the judgment of conviction and sentence in which to file the application for postconviction relief. See La. Code Crim. P. art. 930.8. Upon expiration of the time limitations for seeking an appeal, the conviction and sentence become final. See La. Code Crim. P. art. 914(B)(1) & (2).

Relator was convicted and sentenced on October 11, 2018. A motion to appeal must be filed no later than thirty days after the rendition of the judgment or thirty days from the ruling on a motion to reconsider sentence, should such a motion be filed.

Pursuant to Article 914, relator's conviction became final on November 10, 2018. Thus, relator had until at least November 10, 2020, to file an application for postconviction relief. According to the district court, the application was filed with the district court on November 16, 2020. However, in the writ application, relator attached documentation that indicates that on November 5, 2020, he delivered his application for postconviction relief to the classification officer at the Louisiana State Penitentiary. The actual date of filing would be the date the application was delivered to prison authorities. See **Houston v. Lack**, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); **State ex rel. Johnson v. Whitley**, 92-2689 (La. 1/6/95), 648 So.2d 909; **Shelton v. Louisiana Department of Corrections**, 96-0348 (La. App. 1st Cir. 2/14/97), 691 So.2d 159.

If the application was delivered to the prison authorities on November 5, 2020, as alleged by relator, then he timely filed the application with the district court. Accordingly, this matter is remanded to the district court to reconsider the application for postconviction relief and to hold an evidentiary hearing, if necessary, to determine whether relator timely filed his application for postconviction relief by delivering it to penitentiary authorities for forwarding to the court before the filing deadline passed. If the district court finds that

relator timely filed, it must then rule on the merits of relator's application.

**VGW**
**JMG**

**Wolfe, J.,** dissents and would deny the writ application.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT