ROBERT TAYLOR

VERSUS

STATE OF LOUISIANA

NO. 25-KH-328

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Tran
First Deputy, Clerk of Court

August 28, 2025

Linda Tran
First Deputy Clerk

**IN RE** ROBERT TAYLOR

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE ELLEN SHIRER KOVACH, DIVISION "K", NUMBER 22-347

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Scott U. Schlegel

**WRIT DENIED**

Relator, Robert Taylor, seeks this Court's supervisory review of the trial court's June 19, 2025 denial of his application for post-conviction relief ("APCR"). He argues that the trial court erred in failing to find merit to his claims of ineffective assistance of counsel. He also argues that the trial court erred in failing to find that the statute under which he pleaded guilty, La. R.S. 14:81.1, pornography involving juveniles, is unconstitutional. For the following reasons, we find no merit to relator's arguments, and thus deny the writ application.

**PROCEDURAL HISTORY**

On December 7, 2023, relator pleaded guilty to four counts of pornography involving juveniles under the age of thirteen, violations of La. R.S. 14:81.1. On the same day, the trial court sentenced relator to twenty-five years imprisonment at hard labor on each count, to be served without the benefit of parole, probation, or

suspension of sentence, with the sentences to run concurrently. Relator did not appeal.

Relator filed his APCR with the trial court on April 23, 2025.[1] In it, relator claimed that his attorneys rendered ineffective assistance, and he further challenged the constitutionality of the pornography involving juveniles statute. On May 27, 2025, the State filed its opposition, arguing that relator's claims were without merit. In addition, the State maintained that relator's constitutional challenge to La. R.S. 14:81.1 was procedurally defaulted by La. C.Cr.P. art. 930.4(B) and (C).[2] On June 19, 2025, the trial court denied relief, first finding "no deficiencies in trial counsel's performance pertaining to sentencing, and no prejudice resulting." The trial court also found that relator's constitutional challenge to La. R.S. 14:81.1 was procedurally barred from review, citing La. C.Cr.P. art. 930.4(B) and (C), and also concluded that relator's claim lacked merit. On July 8, 2025, relator filed a Traverse to Opposition to State's Procedural Objection in which he reiterated the arguments underlying his claims. On July 14, 2025, the trial court denied the motion, stating: "The record reflects that Petitioner was served with the Court's order denying relief on July 2, 2025. Nothing in Petitioner's present pleading affects or changes the court's prior ruling, denying relief."

While it does not appear that relator filed a notice of intent with the trial court as required by Uniform Rules–Courts of Appeal, Rule 4-2,[3] on July 23, 2025,

---

[1] Relator's APCR was timely under La. C.Cr.P. art. 930.8(A), which provides, in pertinent part: "No application for post conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922 … ."

[2] La. C.Cr.P. art. 930.4(B) provides: "If the application alleges a claim of which the petitioner had knowledge and inexcusably failed to raise in the proceedings leading to conviction, the court shall deny relief." La. C.Cr.P. art. 930.4(C) provides: "If the application alleges a claim which the petitioner raised in the trial court and inexcusably failed to pursue on appeal, the court shall deny relief."

[3] Rule 4-2 provides: "The party, or counsel of record, intending to apply to the Court of Appeal for a writ shall give to the opposing parties or the opposing counsel of record, notice of

relator's writ application, signed and dated by relator on July 18, 2025,[4] was stamped as filed with this Court within thirty days from the trial court's June 19, 2025 ruling from which relator seeks review.[5]  Thus, this Court shall review the merits of the writ application.[6]

## ANALYSIS

### *Ineffective Assistance of Counsel*

Relator first maintains that his original retained attorney rendered ineffective assistance, causing him to hire new counsel who then failed to present any mitigating evidence at sentencing.

Generally, when a defendant pleads guilty, he waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief.  *State v. Turner*, 09-1079 (La. App. 5 Cir. 7/27/10), 47 So.3d 455, 459.  That general rule includes all ineffective assistance of counsel claims, except when the ineffectiveness is alleged to have rendered the guilty plea involuntary.  *See State ex rel. Knight v. Frederick*, 21-1061 (La. 11/23/21), 328 So.3d 71 (*per curiam*).  *See also United States v.*

---

such intention.  The party, simultaneously, shall give notice to the judge whose ruling is at issue, by requesting a return date to be set by the judge within the time period provided for in Rule 4-3."

Additionally, there is no documentation of a return date with relator's writ application as required by Uniform Rules–Courts of Appeal, Rule 4-3, which provides, in pertinent part: "The application for writs shall contain documentation of the return date and any extensions thereof; any application that does not contain this documentation may not be considered by the Court of Appeal."

[4] For the purpose of determining timeliness, the actual date of filing for pleadings filed by inmates is the date the pleading is delivered to the prison authorities.  *See Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); *State ex rel. Johnson v. Whitley*, 92-2689 (La. 1/6/95), 648 So.2d 909; *Shelton v. Louisiana Department of Corrections*, 96-348 (La. App. 1 Cir. 2/14/97), 691 So.2d 159.

[5] *See* Uniform Rules–Courts of Appeal, Rule 4-3, which provides in criminal cases that "the return date shall not exceed 30 days from the date of the ruling at issue."

[6] On July 25, 2025, this Court mailed a letter to the Louisiana Attorney General's Office, pursuant to La. R.S. 49:257(C) and La. R.S. 13:4448, stating that "[t]he constitutionality of La. R.S. 14:81.1" was raised in relator's writ application, giving that office an opportunity to brief this issue, if it wished to do so, by August 25, 2025.  As of the date of this disposition, no response to the writ application has been filed by the Louisiana Attorney General's Office.

*Palacios*, 928 F.3d 450, 455 (5th Cir. 2019); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983), *cert. denied sub nom. Smith v. McKaskle*, 466 U.S. 906, 104 S.Ct. 1685, 80 L.Ed.2d 159 (1984). In the instant application, relator does not contend that either counsel's ineffectiveness rendered his guilty plea involuntary, but rather complains that his original counsel failed to object to the trial court's pre-plea ruling as to the admission of relator's medical files. Relator also makes a claim of ineffective assistance of counsel at sentencing.

Nevertheless, the Supreme Court has held that a defendant's entry of a counseled plea of guilty did not serve to waive a post-conviction ineffective assistance claim. *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). *See also State v. West*, 09-2810 (La. 12/10/10), 50 So.3d 148, 149 (*per curiam*) ("When a defendant enters a counseled plea of guilty, this court will review the quality of counsel's representation in deciding whether the plea should be set aside."). Furthermore, in *State v. Harris*, 18-1012 (La. 7/9/20), 340 So.3d 845, 847, the Louisiana Supreme Court held that an "ineffective assistance of counsel at sentencing claim is cognizable on collateral review." Thus, relator's ineffective assistance claim is reviewed herein.

Under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution, a defendant is entitled to effective assistance of counsel. *State v. Casimer*, 12-678 (La. App. 5 Cir. 3/13/13), 113 So.3d 1129, 1141. To prove ineffective assistance of counsel, a defendant must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Casimer*, 113 So.3d at 1141. Under the *Strickland* test, the defendant must show: (1) that counsel's performance was deficient, that is, that the performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) that the deficient performance prejudiced the defense. *Id*. When a defendant claims that counsel's ineffective assistance rendered a guilty

plea invalid, the *Strickland* analysis under the first deficiency prong remains the same, whereas under the second prejudice prong, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 58-59, 106 S.Ct. at 370.

Although relator contends that his first attorney failed to object to the trial court's refusal to admit relator's medical file into evidence, he provides no further context as to why the admission of such documentation was even requested. Thus, relator has failed to meet his post-conviction burden of proof under La. C.Cr.P. art. 930.2.[7]

Relator also faults counsel for failing to present any mitigation evidence at sentencing. However, relator does not suggest any evidence of mitigating factors that counsel should have presented. "General statements and conclusory allegations will not suffice to prove a claim of ineffective assistance of counsel." *State v. Fisher*, 19-488 (La. App. 5 Cir. 6/24/20), 299 So.3d 1238, 1247; *State v. Rivas*, 17-615 (La. App. 5 Cir. 7/31/18), 251 So.3d 1228, 1234. Thus, relator has again failed to meet his burden under La. C.Cr.P. art. 930.2.

Accordingly, we find that relator fails to show "that there is a reasonable probability that, but for his attorneys' alleged errors, he would not have pleaded guilty and would have insisted on going to trial," particularly when relator, who faced a maximum forty-year sentence on each count, received a mid-range sentence totaling twenty-five years for the four counts of pornography involving juveniles under the age of thirteen.[8] *See Hill v. Lockhart*, 474 U.S. at 58-59, 106 S.Ct. at 370, 88 L.Ed.2d 203 (1985).

---

[7] La. C.Cr.P. art. 930.2 provides: "The petitioner in an application for post-conviction relief shall have the burden of proving that relief should be granted."

[8] The sentencing range for pornography involving juveniles is five to twenty years at hard labor to be served without the benefit of parole, probation, or suspension of sentence. La. R.S. 14:81.1(E)(1)(a). Relator was convicted of pornography involving juveniles under the age of

*Constitutionality of La. R.S. 14:81.1*

Relator next asserts that La. R.S. 14:81.1, the pornography involving juveniles statute, is unconstitutional. Specifically, relator argues that he was prosecuted for viewing pictures or videos of children, whereas the individual who placed the images on the internet for others to view does not face a similar punishment. In relator's view, such a disparity amounts to entrapment.

Upon review, despite relator's claim to the contrary, La. R.S. 14:81.1 provides no distinctions between types of offenders: whether a producer or a consumer of child pornography, each offender is to be punished equally under La. R.S. 14:81.1(E)(1). *See State v. Fussell*, 06-2595 (La. 1/16/08), 974 So.2d 1223, 1234. Consequently, relator's claim does not warrant relief.

## CONCLUSION

Based on the foregoing, we find no error in the trial court's June 19, 2025 ruling which denied relator's application for post-conviction relief. Accordingly, this writ application is denied.

Gretna, Louisiana, this 28th day of August, 2025.

**JGG**
**MEJ**
**SUS**

---

thirteen, when the defendant was over the age of seventeen. Thus, relator was subject to the increased sentencing range under La. R.S. 14:81.1(E)(5)(a) of ten to forty years at hard labor to be served without the benefit of parole, probation, or suspension of sentence. In accordance with both subsections, the sentence for pornography involving juveniles under the age of thirteen consists of a range of ten to forty years at hard labor to be served without the benefit of parole, probation, or suspension of sentence.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **08/28/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**25-KH-328**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Ellen Shirer Kovach (DISTRICT JUDGE)
Grant L. Willis (Respondent)               Thomas J. Butler (Respondent)
Monique D. Nolan (Respondent)

### MAILED

Robert Taylor #784700 (Relator)        Jodi J. Aamodt (Respondent)         Honorable Paul D. Connick, Jr.
Rayburn Correctional Center            Attorney at Law                      (Respondent)
27268 Highway 21                       Ste 200                              District Attorney
Angie, LA 70426                        500 Saint Louis St                   Twenty-Fourth Judicial District
                                       New Orleans, LA 70130                200 Derbigny Street
                                                                            Gretna, LA 70053