McDonald, j.
I «.This appeal was filed by an inmate incarcerated at Dixon Correctional Institute (DCI), which is under the authority of the Louisiana Department of Public Safety and Corrections (DOC). The matter we are reviewing is a recommendation made by a commissioner of the Nineteenth Judicial District Court and adopted by the district court judge[1]. For the following reasons, we affirm.
*196 Appellant contends that some personal items of his were seized on January 2, 2011. He filed a request for corrective administrative remedy (CARP), numbered DCI-2011-400, on June 1, 2011. On June 17, 2011, his CARP was rejected[2], which, according to DOC was a final agency decision. Thereafter, petitioner filed a request for review with James LeBlanc, Secretary of the Department of Corrections. Louisiana Revised Statutes 15:1177, cited by both parties, provides that the review of final agency decisions are to be filed in the Nineteenth Judicial District Court, with some exceptions not applicable here. Receiving no response, petitioner resubmitted the request for review on July 11, 2011. Still receiving no response, on December 7, 2011, petitioner filed a suit for mandamus to compel the Secretary of DOC to answer appellant’s grievance.
Commissioner John Smart of the Nineteenth Judicial District reviewed appellant’s record and made a preliminary recommendation in which he recommended that appellant be given thirty days to amend his mandamus petition to an application for judicial review. This recommendation was adopted, and a judgment so ordering was signed by the district court on February 16, 2012. The appellant received a copy of the Commissioner’s recommendation and filed an | .¡application for judicial review. The Department of Corrections answered by filing a motion to dismiss for failure to timely seek judicial review.
A hearing was held before a commissioner, in accordance with the provisions of La. R.S. 15:1177A. Section A states that “Any offender who is aggrieved by an adverse decision ... may, within thirty days after receipt of the decision, seek judicial review of the decision in the Nineteenth Judicial District Court.” Further, section A(l )(a) provides: “Proceedings for review may be instituted by filing a petition for review in the district court within thirty days after receipt of the notice of the final decision by the agency....” Section A(b) provides who the proper defendant is in an action for judicial review, and it is not the Secretary of DOC. “The only proper party defendant is the Department of Public Safety and Corrections when seeking judicial review of an administrative decision.”
At the hearing on September 12, 2012, Commissioner Quintillis K. Lawrence (Commissioner Smart had retired) told the appellant that he would allow him to go forth with his complaint, that is his request for judicial review. Later the commissioner stated:
You get to argue that your property loss was wrong, that you should get compensation or your property — you get to ask for your relief. Without dealing with whether or not you can or cannot file the request for the court to hear it, 1 am allowing you to go forward with your request for judicial review
[[Image here]]
What 1 am telling you is that, that, not anything relating to whether or not it can be heard but the issue itself, the property loss. I am asking you to brief that. Not brief whether or not your case should even be heard. That’s done, (emphasis added.)
Appellant was ordered to submit a brief on the issue of the property loss.
*197 It would certainly appear that Mr. Evans had prevailed on the question of timeliness. However, the commissioner’s report dated February 13, 2013, (and adopted by the court on April 4, 2013) did not even address the issue that was [^framed for Mr. Evans, “whether the property loss was wrong.” Rather, the commissioner addressed the question of timeliness and recommended dismissing the appeal for failure to file it timely. We believe the decision is correct, and we agree that La. R.S. 15:1177(A) is peremp-tive. Peremption may not be interrupted or suspended. Appellant’s cause of action was extinguished after the thirty day period provided in R.S. 15:1177A. The commissioner’s order that the appellant brief his property loss was of no effect because the request for judicial review was not timely. Peremptive statutes require that the time period stated in the statute can not be extended under any circumstances. Appellant was told to proceed with his claim when he had no chance of success. We can not understand why the commissioner and the court would so grossly mislead the appellant. If the commissioner had no intention of really considering the merits of Mr. Evans’ claim for the seized property, he should have ruled on the issue at the September 12, 2012, hearing. Instead, the commissioner required him to submit a brief on the issue, and then the commissioner ignored it.
We note that Mr. Evans’ original grievance was filed on June 1, 2011, complaining that his personnel effects were seized on January 2, 2011. The Louisiana Administrative Code (LAC) provides a 90-day time period in which to file such a complaint.[3] Thus, he had until about April 3, 2011, to file his original complaint. From the beginning, Mr. Evans’ complaint was untimely. However, his notice of rejection listed “confiscated” as the reason for the rejection. It was here that this matter proceeded down the circuitous path that it took. The LAC lists ten reasons for which a grievance can be rejected. Property being “confiscated” is not listed. However, disciplinary matters and lost property claims are listed, as well as a time lapse of no more than 90 days between the event and the initial request. He claims the property was taken on January 2, 2011. His complaint was filed on June | fil) 2011, more than 90 days later. Mr. Evans’ claim was rejected. Regardless of the reason listed, the rejection began the tolling of time for him to file for judicial review. His suit was filed on December 7, 2011, well beyond the thirty days allowed.
For these reasons the judgment of the trial court is affirmed. We assess costs to the appellant, Mr. Majuangy Evans.
AFFIRMED.

. The office of commissioner of the 19th JDC was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. The commissioner's written findings and recommendations are submitted to a district court judge, who may accept, reject, or modify them. La. R.S. 13:713(0(5).

. Louisiana Administrative Code, Title 22, Part I, Chapter 3, Subchapter A, Section 325 provides the applicable time limitations and procedures in prisoner complaints. If a complaint is accepted, it provides for a two-step process before the administrative remedies have been exhausted. However, if a complaint is rejected, that is a final agency decision.

. If the grievance is for “lost” property, the time limitation is only 10 days.