CALLOWAY, J.
I aPlaintiff, Scott Bourque, an inmate in the custody of . the Louisiana Department of Public Safety and Corrections (“the Department”), housed at the Louisiana State Penitentiary in Angola, Louisiana, appeals the district court’s dismissal of his petition for judicial review. Based on our review of the record, we reverse.the district court’s judgment.
FACTS AND PROCEDURAL HISTORY
On March 17, 2014, Bourque initiated a complaint under the Louisiana Corrections Administrative Remedy Procedure Act (“CARP”), La. R.S. 15:1171, et seq. The warden denied Bourque’s request for hip replacement surgery* stating that surgery was not medically indicated and that Bo-urque had been afforded the opportunity .to have his concerns addressed. Bourque then filed a “second-step complaint,” which was also denied on July 21, 2014. Bourque subsequently filed a petition for judicial review in the Nineteenth Judicial District Court for the Parish of East Baton Rouge seeking review of ARP No. 2014-0781. The petition was stamped as received by the Clerk of Court on September 19, 2014, and as filed on September 25, 2014.
The Department filed exceptions of per-emption, no right of action, and lack of *1043 subject matter jurisdiction, claiming that Bourque failed to timely seek judicial review within thirty days of the receipt of the final Department decision, which it claimed was received by Bourque on July 29, 2014. See La. R.S. 15:1177(A). Bourque filed an opposition to the exceptions claiming that the petition is deemed filed at the moment of delivery to prison authorities, which in this case he asserted was August 28, 2014.
|sThe Commissioner[2] (“Commissioner”) issued a recommendation pursuant to La. R.S. 15:1177(A)(5) and (9) denying the relief sought by Bourque based on the untimeliness of the petition. The district court adopted the recommendation of the Commissioner after a de novo review of the record. It is from this judgment that Bourque appeals.
LAW AND DISCUSSION
Louisiana Revised Statute 15:1177(A) provides that an inmate aggrieved by an adverse decision of the Department may “within thirty days after receipt of the decision, seek judicial review of the decision only in the Nineteenth Judicial District Court.” In order for the jurisdiction of the reviewing court to attach, the petition for judicial review must be timely filed. Tatum v. Lynn, 98-1559 (La. App. 1 Cir. 5/20/94), 637 So.2d 796, 797; See also Carter v. Lynn, 93-1583 (La. App. 1 Cir. 5/20/94), 637 So.2d 690, 691 (“Once the plaintiff failed to seek judicial review within thirty (30) days as provided in La. R.S. 15:1177, his right to relief ceased to exist.”) Moreover, this thirty-day period is peremptive, rather than prescriptive, and may not be interrupted or suspended. Evans v. Louisiana Dept. of Public Safety and Corrections, 2013-1345 (La. App. 1 Cir. 4/25/14), 147 So.3d 195, 197.
In recommending that the petition be dismissed, the Commissioner noted that Bourque signed and dated the petition on August 21, 2015, within the thirty days allowed, but it was not mailed off until September 18, 2014. The Commissioner noted that a delay of filing the petition longer than thirty days after receipt of the decision deprived the district court of jurisdiction to review the |4decision. See La. R.S. 15:1177(A); Carter, 637 So.2d at 691; Tatum, 637 So.2d at 797. It is unclear from the record how the Commissioner determined that the petition was mailed by prison authorities on September 18, 2014. However, we agree with Bourque that the timeliness of the petition for a pro se inmate is not determined by the date prison authorities mailed the petition.
Bourque objected to the Commissioner’s Report, invoking the “mailbox rule.” The “mailbox rule” states that a pro se prisoner’s petition for judicial review is deemed filed at the time it was delivered to the prison authorities for forwarding to the district court. Tatum, 637 So.2d at 799 (citing Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988)). Bo-urque claimed in his opposition that he delivered the petition to prison officials for mailing on August 28, 2014. (R. 24). At the hearing, the attorney for the Department of Corrections argued that Bourque received the second-step response on July 29, 2014. The petition was signed on August 21, 2014 and notarized on August 22, 2014. A second signature-and notary signá- *1044 ture took place on August 26, 2014. After the Commissioner issued his report, Bo-urque filed an opposition asserting that he signed and dated the petition on August 22, 2014, and then turned it over to prison officials.
The exceptions filed by the Department state as follows:
Also attached are the mail slips for all documents the plaintiff sent to the 19th Judicial District [Court] during the months July, August and September, the earliest of which is dated September 1 of 20U. The Clerk of court did not receive plaintiffs filing until September 19, 2014, (Emphasis added).
In support of its exceptions, the Department refers to mail slips being attached that are not contained in the appellate record. At the hearing on the exceptions, the Department’s counsel discusses these slips and an affidavit, but she did not offer the exhibits into evidence at the hearing. The Department also refers to an affidavit of Carmen Shipley, a classification officer, who apparently testified that Bourque only gave documents to the classification officer in September of |fi2014, and none in the months of July and August. The Commissioner and attorneys also discussed that on September 12, 2014, the Clerk of Court returned the petition to Bourque requesting his signature, meaning it had his petition prior to that date. The Department further argued that Bourque sent the petition to the classification officer to be filed on September 9, 2014, although the exception refers to a September 1, 2014 date.
We note that neither the affidavit nor mailing slips referred to in the exception and at the hearing are in the record or were introduced into evidence at the hearing. Generally, this court’s appellate review is limited to the evidence that was in the record at the time the trial court rendered its judgment. See La. C.C.P. art. 2164; Gatlin v. Kleinheitz, 2009-0828 (La. App. 1 Cir. 12/23/09), 34 So.3d 872, 874 n.2, writ denied, 2010-0084 (La. 2/26/10), 28 So.3d 280. Further, arguments of counsel contained in appellate briefs, and references to facts and issues not currently before the court, are not considered record evidence. Harrelson v. Arcadia. 2010-1647 (La.App. 1 Cir. 6/10/11), 68 So.3d 663, 665 n.4, writ denied, 2011-1531 (La. 10/7/11), 71 So.3d 316. We cannot consider the Department’s referenced exhibits that are not attached to the exception as it appears in the appellate record, and the Department did not introduce the referenced exhibits at the hearing. An appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence. Niemann v. Crosby Development Co., L.L.C., 2011-1337 (La.App. 1 Cir. 5/3/12), 92 So.3d 1039, 1044-45.
In this case, although it is difficult to determine from the record when the petition was delivered to prison officials, Bo-urque signed the petition on August 21, and had it notarized on both August 22 and August 26. He also signed an affidavit to proceed in forma pauperis on August 21, 2014. Given that the | ^Department has offered no other evidence, we find that the petition was not untimely.
CONCLUSION
For the above and foregoing reasons, the district court’s July 7, 2016 judgment dismissing the petition of Scott Bourque is reversed, and we remand the matter for further proceedings. As Scott Bourque was granted leave to pursue this appeal in forma pauperis and the Department of Public Safety and Corrections has not filed a brief, we will not assess any costs in this matter.
REVERSED AND REMANDED.

. The office of commissioner of the Nineteenth Judicial District Court was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. La. R.S. 13:713(A). The commissioner’s written findings and recommendations are submitted to a district court judge, who may accept, reject, or modify them. La. R.S. 13:713(C)(5); see Martinez v. Tanner, 2011-0692 (La.App. 1 Cir. 11/9/11), 79 So.3d 1082, 1084 n.3, writ denied, 2011-2732 (La. 7/27/12), 93 So.3d 597.