NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2020 CA 0746

DAVID L. WILLIAMS

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONS

Judgment Rendered: _____FEB 2 2 2021_____

Appealed from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket Number C688,618

Honorable Janice Clark, Judge Presiding

*************

David L. Williams
Angola, LA

Plaintiff/Appellant,
In Proper Person

Elizabeth B. Desselle
Baton Rouge, LA

Counsel for Defendant/Appellee,
Louisiana Department of Public
Safety and Corrections

*************

BEFORE: WHIPPLE, C.J., WELCH, AND CHUTZ, JJ.

**WHIPPLE, C.J.**

This case is before us on appeal by plaintiff, David L. Williams, from a judgment of the district court dismissing his petition for judicial review. For the reasons that follow, we vacate and remand.

## FACTS AND PROCEDURAL HISTORY[1]

Williams filed a request for administrative remedy (ARP), No. LSP-2019-0240, complaining that funds were being withdrawn from his inmate banking account by prison officials without legal authorization to pay court costs for a lawsuit he did not file.

On March 12, 1998, Judge Robert D. Downing of the Nineteenth Judicial District Court (19th JDC) signed a judgment in a lawsuit captioned <u>David Williams v. Col. John Robinson, et al</u>, no. 442,719. This judgment was rendered in favor of the defendants and against the plaintiff and dismissed the suit without prejudice at the plaintiff's cost. According to the 19th JDC's clerk of court, the costs associated with this lawsuit were never paid. Accordingly, on February 15, 2019, the clerk of court issued a request that funds totaling $301.58 be withdrawn from the inmate account of David Williams. However, the request did not include the inmate's Department of Corrections Number (DOC #) and expressly stated "NOT SURE WHAT DOC # IS."

Williams contends that, although he is not the David Williams who filed the pertinent lawsuit and there are numerous David Williams in the Department's custody, the Department nonetheless began withdrawing funds to satisfy this debt from his inmate account. Williams instituted ARP No. LSP-2019-0240, which was denied at the first and second step. In its second step response, issued April 15, 2019, the Department stated that "[t]here is no reason for Administrative

---

[1] The factual and procedural history is taken from Williams's filings in the 19th JDC and before this court.

Intervention" and attached a copy of the order to withdraw the funds. Thereafter, pursuant to LSA-R.S. 15:1177(A), Williams filed a petition for judicial review in the 19th JDC, which bears his signature and is dated September 11, 2019. Through his petition, Williams sought the return of all funds withdrawn from his account and that the Department be ordered to cease the "illegal seizures" of his property. In accordance with the screening provisions of LSA-R.S. 15:1178, Williams's petition was assigned to a commissioner at the 19th JDC to be reviewed.[2]

On October 17, 2019, the commissioner ordered Williams to file written proof of exhaustion of ARP No. LSP-2019-0240 by attaching the final agency decision or his suit would be dismissed. Additionally, the commissioner ordered that the clerk's office withhold service on the Department until Williams complied with the order. Williams filed a response and attached the Department's second step response in order to show that his administrative remedies were properly exhausted.

Before service was ordered on the Department and the administrative record produced, the commissioner issued a screening report on March 5, 2020, finding that the court did not have subject matter jurisdiction over the matter because Williams filed his petition more than thirty days after the Department's final agency decision was rendered. The commissioner noted that the Department's second step response was issued on April 15, 2019, but Williams did not file his petition until September 23, 2019, well beyond the thirty-day peremptive period provided for in LSA-R.S. 15:1177(A)(1)(a). The commissioner allowed Williams to show proof that he received the agency decision less than thirty days before his petition was filed; however, absent such proof, the commissioner found the petition to be untimely and subject to dismissal.

---

[2] See LSA-R.S. 13:711 and 713.

3

Williams filed an objection to this screening report and stated that, pursuant to the "mailbox rule," his petition was deemed filed on the date he handed it to an employee of the Department for mailing, which he contends he did on May 23, 2019. In support, he attached two documents: an offender funds withdrawal request and offender's request for legal/indigent mail, both dated May 23, 2019, which he alleged provided proof that he gave his petition to an employee of the Department for mailing on May 23, 2019. Williams further contended that he was allowed thirty days from the date he received the final agency decision to file the petition and that the commissioner was unable to actually determine the date he received the decision without the entire administrative record, which had not yet been produced because the Department had not been served with the petition.[3] However, on May 11, 2020, the district court signed a judgment adopting the commissioner's recommendation and dismissing his suit.

Williams then filed the instant appeal of the district court's judgment, assigning the following as error:

(1) The district court committed manifest error when it dismissed his petition at the screening level, without first serving the Department and utilizing the administrative record for LSP-2019-0240 to establish the date he received his second step response; and

(2) The district court erred in finding that the Corrections Administrative Remedy Procedure Act (CARP), LSA-R.S. 15:1171, *et seq.*, provides a thirty-day peremptive period to seek judicial review of his ARP from the date it was signed, not the date he physically received the response.

---

[3] It does not appear that the Department was ever served with this petition by the district court and it has not filed a brief on appeal either.

4

## DISCUSSION

CARP provides that an inmate who is aggrieved by an adverse decision of the Department rendered pursuant to the administrative remedy procedure may seek judicial review of that determination in the 19th JDC within 30 days after receipt of the decision. See LSA-R.S. 15:1177(A). This thirty-day period is peremptive, rather than prescriptive, and may not be interrupted or suspended. Evans v. Louisiana Dept. of Public Safety and Corrections, 2013-1345 (La. App. 1st Cir. 4/25/14), 147 So.3d 195, 197; LSA-C.C. art. 3461. Accordingly, peremptive statutes are to be strictly construed against peremption and in favor of the claim. Lomont v. Bennett, 2014-2483 (La. 6/30/15), 172 So. 3d 620, 627. Once an inmate failed to seek judicial review within thirty days of receipt of the final agency decision as provided in LSA-R.S. 15:1177(A), his right to relief ceased to exist. Bourque v. Louisiana Department of Public Safety and Corrections, 2016-1342 (La. App. 1st Cir. 4/12/17), 218 So. 3d 1041, 1043.

Although the record discloses that the Department issued its second step response on April 15, 2019, the record does not reveal the date on which Williams received the final agency decision. The commissioner, in reasons adopted by the district court, seemingly relied on the date on which the Department's final decision was rendered in determining the timeliness of Williams's petition for judicial review. In doing so, the commissioner (and the district court) erred, as the 30-day period set forth in LSA–R.S. 15:1177(A) is not triggered until the inmate **receives** DPSC's final decision. Accordingly, the record does not support a finding that April 15, 2019 was the date on which the applicable 30-day peremptive period commenced to run, and thus, the dismissal of Williams's suit for lack of jurisdiction was improper. See Coleman v. Ranatza, 2015-0759 (La. App. 1st Cir. 4/15/16), 2016 WL 1535412, *3 (unpublished) (finding that even though the final agency decision was issued more than three years prior to the filing of the

5

petition for judicial review, there was no evidence in the record as to when, or even if, the inmate ever received a copy of the ruling and, pursuant to LSA-R.S. 15:1177(A)(1)(a), it was error to dismiss his petition without such proof).

Moreover, the commissioner erred in concluding that Williams's petition was filed on September 23, 2019, the date on which the 19th JDC clerk of court actually received and filed the petition. While we express no opinion as to when Williams delivered the opinion to the Department for mailing, we do note that Williams is correct in stating that his petition is deemed filed from the time it was delivered to prison officials for filing with the district court, not when it was received and filed with the court. See Bourque v. Louisiana Department of Corrections, 2016-1342 (La. App. 1st Cir. 4/12/17), 218 So. 3d 1041, 1043 ("The 'mailbox rule' states that a pro se prisoner's petition for judicial review is deemed filed at the time it was delivered to the prison authorities for forwarding to the district court.").

Accordingly, we vacate the decision of the district court and remand this matter to the district court with instructions that it order service on the Department and production of the record in ARP No. LSP-2019-0240 to determine whether Williams's petition was timely filed within thirty days of his receipt of the final agency decision.

## CONCLUSION

For the above reasons, the district court's May 11, 2020 judgment is vacated and this matter is remanded to the district court for further proceedings consistent with this opinion. Costs of this appeal in the amount of $571.50 are assessed to the State of Louisiana, Department of Public Safety and Corrections.

**VACATED AND REMANDED WITH INSTRUCTIONS.**