STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2021 CA 0892

THOMAS HAYNES

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND
CORRECTIONS

Judgment Rendered: **FEB 2 5 2022**

\* \* \* \* \*

On Appeal from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 705760

Honorable Timothy E. Kelley, Judge Presiding

\* \* \* \* \*

Thomas Haynes                        Plaintiff-Appellant,
Homer, LA                            Pros Se


Jonathan R. Vining                   Attorney for Defendant-Appellee,
Baton Rouge, LA                      Louisiana Department of Public Safety
                                     and Corrections

\* \* \* \* \*

BEFORE: WHIPPLE, C.J., PENZATO, AND HESTER, JJ.

**HESTER, J.**

Thomas Haynes is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (the Department), housed at David Wade Correctional Center. On March 16, 2021, Mr. Haynes filed a petition for judicial review of Administrative Remedy Procedure (ARP) No. DWCC-2020-0003, seeking review in accordance with La. R.S. 15:1171 *et seq.* In his petition, Mr. Haynes contended that the Department misinterpreted the applicable law to determine his eligibility for geriatric parole. Attached to Mr. Haynes' petition was the Department's second step response to Mr. Haynes' ARP dated January 7, 2021.

Upon receipt of Mr. Haynes' petition, the Commissioner of the Nineteenth Judicial District Court[1] issued a Rule to Show Cause pointing out that La. R.S. 15:1177 imposes a thirty-day peremptory time limit on all such appeals starting from the date of receipt of the final agency decision to the date of mailing the appeal to the court for filing. The Commissioner noted that the Department's decision was issued on January 7, 2021, but Mr. Haynes' suit was not received by the district court until March 16, 2021, more than thirty days after the final decision was rendered. The Commissioner stated that "[i]t is not clear from the attachments submitted by [Mr. Haynes] as to when he signed an acknowledgment of receipt of the final agency decision." The Commissioner ordered Mr. Haynes to show cause why his appeal should not be dismissed based on his failure to timely seek judicial review.

Mr. Haynes responded to the rule contending that he had some difficulty obtaining the services of a notary. Mr. Haynes did not introduce any evidence to show when he received the final decision of the Department.

---

[1] The office of Commissioner of the Nineteenth Judicial District Court was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. La. R.S. 13:713(A). The Commissioner's written findings and recommendations are submitted to a district court judge, who may accept, reject, or modify them. La. R.S. 13:713(C)(5). Pursuant to La. R.S. 15:1178 and La. R.S. 15:1188, the district court is required to screen all prisoner suits prior to requiring service on the Department to determine if the court has subject matter jurisdiction.

2

Thereafter, the Commissioner issued a screening report finding that the petition for judicial review was untimely on the face of the petition, and Mr. Haynes failed to show proof to the contrary. The Commissioner recommended that Mr. Haynes' suit should be dismissed for lack of subject matter jurisdiction. In a judgment signed on June 1, 2021, the district court adopted the recommendation of the Commissioner after a *de novo* review of the record and ordered that Mr. Haynes' suit be dismissed without prejudice.

Louisiana Revised Statute 15:1177(A) provides that an inmate aggrieved by an adverse decision of the Department may "within thirty days after receipt of the decision, seek judicial review of the decision only in the Nineteenth Judicial District Court... ." In order for the jurisdiction of the reviewing court to attach, the petition for judicial review must be timely filed. **Tatum v. Lynn**, 93-1559 (La. App. 1st Cir. 5/20/94), 637 So.2d 796, 797. Moreover, this thirty-day period is peremptive, rather than prescriptive, and may not be interrupted or suspended. **Evans v. Louisiana Dept. of Public Safety & Corrections**, 2013-1345 (La. App. 1st Cir. 4/25/14), 147 So.3d 195, 197.

Mr. Haynes filed his petition for judicial review more than 67 days after the final agency decision was rendered, but the date he received the Department's decision was not in the record. In the rule to show cause, the Commissioner gave Mr. Haynes the opportunity to produce evidence of the date he received the final agency decision. In his response, he failed to do so.

In **Burks v. Louisiana Dept. of Public Safety & Corrections**, 2014-1470 (La. App. 1st Cir. 4/30/15) 2015 WL 3404793, (unpublished), this court was presented with the same procedural issue. In **Burks**, the date the inmate received the final agency decision was not in the record, and the petition for judicial review was filed 43 days after the final agency decision was rendered. The Commissioner, by a rule to show cause, gave the inmate an opportunity to prove the date he received the decision,

and he failed to do so. In that case, this court determined that the record amply supported the judgment of the district court and affirmed the decision of the district court dismissing the inmate's petition for judicial review. **Burks**, 2015 WL 3404793 at *2.

Herein, like in **Burks**, Mr. Haynes' petition was filed well over thirty days after the Department's decision was rendered, he was given an opportunity to provide evidence of the date he received the Department's decision, and he did not produce any evidence of that date. Therefore, pursuant to the jurisprudence of this court, and after review of the record before us, we affirm the decision of the district court dismissing Mr. Haynes' petition for judicial review for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, the June 1, 2021 judgment of the district court dismissing Mr. Haynes' petition without prejudice is hereby affirmed. Costs of this appeal are assessed to Thomas Haynes.

**AFFIRMED.**

4